*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2002 FED App. 0154P (6th Cir.)
File Name: 02a0154p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*                                    No. 00-3853

JERRY C. CROUCH,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 97-00058—Walter H. Rice, Chief District Judge.

Submitted: December 6, 2001

Decided and Filed: May 3, 2002

Before: SILER and BATCHELDER, Circuit Judges;
HOOD, District Judge.[*]

———————

**COUNSEL**

**ON BRIEF:** Martin S. Pinales, John P. Feldmeier, SIRKIN, PINALES, MEZIBOV & SCHWARTZ, Cincinnati, Ohio, for

———————

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Appellant.    J.  Richard  Chema,  ASSISTANT  UNITED STATES ATTORNEY, Dayton, Ohio, for Appellee.

————————

## OPINION

————————

ALICE M. BATCHELDER, Circuit Judge.  Defendant-Appellant Jerry C. Crouch appeals the sentence imposed by the district court after his conviction on charges of conspiracy to conduct an illegal gambling business, in violation of 18 U.S.C. §§ 371 and 1955; engaging in monetary transactions with  criminally  derived  property  of  value  greater  than $10,000, in violation of 18 U.S.C. § 1957; and making false statements  on  his  income  tax  returns,  in  violation  of  26 U.S.C. § 7206.  Because we find no plain error with regard to the application of the specific offense characteristic under United  States  Sentencing  Guidelines  (U.S.S.G.) § 2S1.2(b)(2), and because we lack jurisdiction to review the district court's refusal to depart downward as requested by the defendant, we will affirm the judgment of the district court.

Crouch and seven co-defendants were named in a 56-count indictment charging conspiracy to conduct an illegal gambling business and to launder money; operating an illegal gambling business;  money  laundering;  engaging  in  monetary transactions with property derived from a specified unlawful activity—the  illegal  gambling  business;  and  filing  false federal tax returns.  The indictment also contained a forfeiture count.   Crouch  was  named  in  50  of  the  indictment's  56 counts.  Pursuant to a written plea agreement, Crouch pleaded guilty  to  one  count  of  conspiracy  to  operate  an  illegal gambling  business,  one  count  of  engaging  in  a  monetary transaction with property derived from a specified unlawful activity,  namely  the  gambling  business,  and  one  count  of filing a false federal tax return.

The presentence report recommended that the offenses be grouped, and that the guideline for the offense of engaging in illegal monetary transactions, U.S.S.G. § 2S1.2, which carried

For the foregoing reasons, we AFFIRM the judgment of the district court.

the highest base offense level, be used to set the base offense level. The report also recommended that the specific offense characteristic found in section 2S1.2(b)(2) be applied to determine the adjusted level, based on the amount of money involved in the illegal monetary transactions. Crouch filed several objections to the presentence report. In addition to objecting to a number of factual statements contained in the report, he raised two specific objections to the sentence calculation and recommendation in the report:  first, that he should not receive a four-level upward adjustment for his role in the offense, and second, that because sentencing under the money laundering guidelines rather than under the gambling offense guidelines overstated the gravity of his offenses, the district court should make a substantial downward departure. Crouch also filed a motion for downward departure on the latter grounds, *i.e.*, that his substantive offense was really gambling, and he therefore was entitled to a substantial downward departure because the guidelines under which he was being sentenced were the guidelines for money laundering, which overstated the seriousness of the offense. At no time did Crouch raise any objection to the application of the specific offense characteristic under U.S.S.G. § 2S1.2(b)(2).

The district court conducted a sentencing hearing and specifically dealt with each of Crouch's objections to the presentence report. The court declined to impose the four-level adjustment for a leadership role in the offense, and instead imposed only a two-level adjustment.  Because Crouch had pleaded guilty to the offense of engaging in a monetary transaction in property derived from specified unlawful activity, the court held that the guideline for that activity, namely section 2S1.2, was the appropriate guideline, and resulted in a base offense level of 17.  Applying the specific offense characteristic of section 2S1.2(b)(2), which requires that if the value of the funds involved in the monetary transactions was greater than $100,000, the offense level must be increased according to the schedule contained in section 2S1.1(b)(2), the district court added three levels because the total value of the funds involved in the illegal

transactions exceeded $350,000 but was less than $600,000. The court specifically addressed Crouch's motion for downward departure and denied the motion. The court sentenced Crouch to 24 months' imprisonment.

We turn first to Crouch's claim that the district court erred in applying the specific offense characteristic of section 2S1.2(b)(2). It is well established in this circuit that although we have discretion to review for plain error objections to sentencing that the defendant failed to raise before the district court, we may not exercise that discretion unless the defendant demonstrates that the district court's decision was plainly erroneous. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir. 1998). To establish plain error, Crouch must show:

> (1) that an error occurred in the district court; (2) that the error was plain, *i.e.*, obvious or clear; (3) that the error affected defendant's substantial rights; and (4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings.

*Id.*

Crouch cannot make that showing here. Crouch complains before us that the district court incorrectly calculated the amount of money involved in the illegal transactions. According to Crouch, only individual transactions greater than $10,000 are illegal under 18 U.S.C. § 1957; the district court aggregated transactions to reach the total amount upon which the sentence was calculated; and there is no evidence that any transaction (other than one $20,000 transaction) included in that aggregation exceeded $10,000. We have previously rejected this argument, *see United States v. Selby*, Nos. 93-1424, 93-1451, 93-1455, 1994 WL 416262, at *12 (6th Cir. Aug. 8, 1994) (unpublished), as have most other circuits that have addressed the issue. *See United States v. Rodriguez*, 278 F.3d 486, 490 (5th Cir. 2002); *United States v. Mullens*, 65 F.3d 1560, 1564-65 (11th Cir. 1995); *United States v. Thompson*, 40 F.3d 48, 51-52 (3d Cir. 1994); *United States v. Johnson*, 971 F.2d 562, 574-75 (10th Cir. 1992). *But*

*see United States v. Sobral*, No. 96-4770, 1998 WL 276263, at *4-*5 (4th Cir. May 29, 1998) (unpublished) (ruling that the meaning of "value of the funds" in section 2S1.1(b)(2) includes only the value of laundered funds and that relevant conduct under section 1B1.3 can include uncharged conduct only if the uncharged conduct could have been charged as money laundering within the meaning of § 1957). Even if Crouch could show that the district court's aggregation of transactions was error, it certainly cannot be plain error, inasmuch as it follows the law, albeit unpublished, of this circuit, and the law of at least four other circuits. Accordingly, we will not review this assignment of error.

Nor may we review Crouch's claim that the district court erred in denying his motion for a substantial downward departure. We may not review the refusal of a district court to grant a downward departure if the district court understood the extent of its authority and correctly applied the Sentencing Guidelines. *United States v. Scott*, 74 F.3d 107, 112 (6th Cir. 1996). We will presume that the district court understood its discretion to depart, absent clear evidence in the record to the contrary. *United States v. Ford*, 184 F.3d 566, 585 (6th Cir. 1999).

It takes no more than a cursory review of the transcript of the sentencing hearing to determine that the district court fully understood its authority to depart. Crouch endeavors to persuade us that the district court believed that *Ford* laid down a per se rule that precluded the court from finding that Crouch's case was outside the heartland of cases involving monetary transaction offenses. But the district court's careful explanation of its reasons for denying Crouch's motion makes it clear beyond cavil that the court found no facts or factors *in Crouch's case* that took it outside the heartland or supported Crouch's claim that the guidelines sentence was too severe for the offense he had committed. Nothing the district court said indicates that it viewed *Ford* as laying down a per se rule that gambling offenses can never be determined to be outside the heartland. We lack jurisdiction to review this assignment of error.