**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0772n.06
Filed: November 1, 2007

**NO. 06-3947**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| DALEMAR VALDEZ NICHOLSON, | ) | OHIO |
| | ) | |
| | ) | OPINION |
| *Defendant-Appellant*. | ) | |

**Before: CLAY and GIBBONS, Circuit Judges; HOOD, District Judge.**[*]

**HOOD, Chief District Judge**. Defendant-Appellant Dalemar V. Nicholson ("Defendant") appeals the 140 month sentence imposed by the district court upon his plea of guilty to charges of conspiracy to distribute and possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(i), and 21 U.S.C. § 846. Defendant argues his sentence is unreasonable, given that four of the seven conspirators received lesser sentences. Defendant also claims that prior misdemeanor traffic offenses were over-represented in the sentencing report, leading to a higher than necessary criminal history category. Defendant does not

_____

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

dispute that his criminal history category was properly calculated. Although failing to use the proper terminology, Defendant essentially argues that he should have received a downward departure due to the over-representation of his criminal history. Defendant also appeals his sentence on the grounds of ineffective assistance of counsel. For the reasons discussed below, the sentence of the district court is **AFFIRMED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2005, a grand jury returned a two-count indictment against Defendant, charging him with conspiracy to possess with intent to distribute more than 100 grams of heroin and illegal use of a communication facility in committing a felony. On November 17, 2005, a three-count superseding indictment was filed. Count One charged Defendant with conspiracy to distribute and possession with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin. Count Two charged Defendant with knowingly and intentionally unlawfully using a communications facility in committing or in causing or facilitating the commission of an act constituting a felony. In Count Three, Defendant was charged with knowingly and intentionally unlawfully aiding and abetting another person to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin.

Defendant pleaded guilty to Count One of the superseding indictment, in exchange for dismissal of Counts Two and Three and the government's request for a base offense level of 32 with a 2-point deduction for Defendant's acceptance of responsibility and a 1-point deduction for timely notification, which resulted in a total offense level of 29. The district court accepted the recommendation of offense level 29 and calculated that Defendant had a criminal history category of V, leading to a recommendation of 140-175 months. The district court imposed a 140-month

2

sentence on Defendant, with no fine. Defendant's sentence was calculated under the 2005 United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). Defendant timely filed his Notice of Appeal.

## II. ANALYSIS

This Court reviews a criminal sentence for reasonableness. *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007). Sentences properly calculated under the Guidelines are credited with a rebuttable presumption of reasonableness. *Id.* (citing *Rita v. United States*, 127 S.Ct. 2456, 2462-63 (2007)). A sentence is unreasonable if the district court failed to consider the Sentencing Guideline range or those factors put forth in 18 U.S.C. § 3553(a). *United States v. Cage,* 458 F.3d 537, 540 (6th Cir. 2006). The factual findings used when applying the Guidelines are reviewed for clear error, while legal conclusions of the district court are reviewed *de novo. United States v. Galloway,* 439 F.3d 320, 322 (6th Cir. 2006); *see also McGee*, 494 F.3d at 554.

This Court does not have jurisdiction to review a district court's refusal to grant a downward departure, so long as the district court correctly applied the Guidelines and understood that it had the authority to grant a downward departure, if warranted. *United States v. Crouch,* 288 F.3d 907, 910 (6th Cir. 2002); *United States v. Ridge*, 329 F.3d 535, 545 (6th Cir. 2003).

Defendant makes two arguments on appeal. First, he argues that his sentence was unreasonable because it was greater than necessary and due to an over-representation of his criminal history category. Defendant concedes that his criminal history category was properly calculated. Nevertheless, although failing to employ the requisite language, Defendant requests that this Court review the district court's decision not to grant a downward departure of Defendant's criminal history category. Defendant next argues that he received ineffective assistance of counsel.

3

Defendant's arguments are unpersuasive.

## Unreasonable Sentence

Defendant argues his sentence is unreasonable for two reasons. First, he claims it is "greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." While not styling it as such, Defendant also argues that he was entitled to a downward departure because his criminal history was "substantially over-represented." Defendant did not raise either of these objections at sentencing. In fact, Defendant's counsel agreed with the district judge that the criminal history calculation was "correct and agreeable" and did not request a downward departure based on an over-representation. The Court generally will not consider issues raised for the first time on appeal; however, as the United States did not object and addressed the issue on the merits, the merits of the Defendant's objections are addressed below.

Defendant argues he should have been placed in criminal history category IV instead of criminal history category V. Defendant does not dispute the calculation, but instead argues that he was entitled to a downward departure because his criminal history was over-represented. The presentence investigation report calculated Defendant's criminal history to produce eleven points or category V. This, in Defendant's view, over-represented his criminal history due to the inclusion of misdemeanor traffic cases, leading to the contested four additional points. The first contested offense is a charge of driving while intoxicated, to which Defendant plead guilty on December 11, 2000. The probation office assigned one criminal history point for this offense, pursuant § 4A1.1(c) of the Guidelines. Defendant also contests one criminal history point attributed to a second driving while intoxicated charge that occurred with a charge of fleeing an officer. Defendant pled guilty to both charges on January 16, 2002. At the time of the instant offense, Defendant was on probation

for his second charge of driving under the influence and for assault and resisting arrest. Defendant contests the two points he received under § 4A1.1(d) for being on probation when the events of the instant charge occurred. The exclusion of these four points would have given Defendant a total of seven criminal history points, placing him in criminal history category IV.

Defendant's criminal history points were properly computed. Although driving while intoxicated is a misdemeanor offense, misdemeanors are not excluded from the criminal history calculation unless the crime falls within U.S.S.G. § 4A1.2(c), or is similar to one that does. Defendant's two charges of driving while intoxicated are not similar to any of the charges listed in U.S.S.G. § 4A1.2(c). The district court properly added two points for committing a crime while on probation. U.S.S.G. § 4A1.1(d) provides that a defendant shall receive a two-point enhancement if the crime was committed while "under any criminal justice sentence, including probation."

None of the four criminal history points which Defendant contests appear to have been incorrectly applied. The district court's application of the facts does not even begin to approach the level of clear error required under *Galloway*, and as such, his placement in criminal history category V is affirmed.

Defendant also argues that his sentence is unreasonable as it is "greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a)." Because sentences within the Guidelines are presumed reasonable, the defendant has the burden of proving that his sentence was unreasonable. *See McGee,* 494 F.3d at 554 (citing *Rita,* 127 F.3d at 2462-63).

Defendant relies on three factors to demonstrate the unreasonableness of his sentence. He argues: 1) that there is a low risk of recidivism; 2) there is a disparity between Defendant's sentence and those of other members of the conspiracy; and 3) the district court did not fully consider all

5

factors provided under 18 U.S.C. 3553(a).

Defendant argues that his low risk of recidivism makes his sentence unreasonable. To bolster this argument, Defendant points to the district court's statement that 120 months is probably long enough for him to "outgrow" his propensity to commit crimes. However, the district court went on to state that its conclusion on this point is only based on Defendant's age and statistics, and not any other factors. Recidivism is only a single factor in sentencing, and the district court discussed other factors which suggest that a longer sentence was necessary, including the seriousness of the offense, promotion of respect for the law, and Defendant's prior criminal history.

Defendant next relies on the disparity between his sentence and those of his co-defendants to demonstrate the unreasonableness of his sentence. 18 U.S.C. § 3553(a)(6) instructs that "[t]he need to avoid unwarranted sentence disparities among similar defendants with similar records who have been found guilty of similar conduct" must be considered when determining the appropriate sentence. Defendant's co-conspirators received a wide range of sentences. The co-defendants' sentences were as follows: Raymond Neal, 24 months and 36 months, to be served consecutively; Kelvis Avila, 60 months; Antonio Neal, 66 months; Romello Brooks, 85 months; Fred Baah, 97 months; Kevin Neal, 168 months; and Daryl Billingsley, 300 months.

However, as the government correctly asserts, Defendant is not a "similar defendant" with a "similar record" as his co-conspirators. Defendant pled guilty to conspiracy to possess and distribute one kilogram or more of heroin. Co-defendant Raymond Neal only pled guilty to possession of 10 grams of heroin and conspiracy to distribute 100 grams of heroin, which is one-hundredth of what Defendant possessed and one-tenth what Defendant conspired to distribute. Co-defendants Romello Brooks, Antonio Neal, and Kelvis Avila all plead guilty to conspiracy to

6

distribute and possession with intent to distribute 100 grams of heroin, one-tenth what Defendant pled to. In addition, three of these four co-defendants cooperated with the government's investigation, for which they received a reduction in their base offense levels. This reduction in base offense level for cooperation, combined with their lesser crimes, is responsible for the co-defendants' shorter sentences.

The only other co-defendant who received a sentence shorter than Defendant was Fred Baah. Baah pled guilty to conspiracy to distribute and possession with intent to distribute more than 1 kilogram of heroin and conspiracy to import more than 100 grams of heroin. Although both men were found guilty of "similar conduct," Baah and Defendant are not "similar defendants." Baah is different from Defendant in two ways: 1) he had no prior criminal history; and 2) he chose to cooperate with the government's investigation. These factors resulted in Baah receiving a lower base offense level and a lower criminal history category than Defendant. Defendant could have chosen to cooperate in order to receive the same base level reduction as the other defendants, but he did not. Defendant should not reap the rewards of the cooperation of his co-defendants.

Defendant's final argument that his sentence is unreasonable is both that the district court did not consider all factors listed in 18 U.S.C. § 3553(a), and that it failed to state how a sentence of 140 months was not greater than necessary. Although a sentence falling within the Guidelines has a rebuttable presumption of reasonableness, *see McGee,* 494 F.3d at 554 (citing *Rita*, 127 S.Ct. 2462-63), all factors under 18 U.S.C. § 3553(a) must be considered. *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005), *cert. denied,* 546 U.S. 1126 (2006). Although this Court has declined to define a specific test for determining reasonableness, there must be enough evidence on the record to demonstrate the court's consideration of the factors set forth in 18 U.S.C. § 3553(a). *See United*

*States v. McBride*, 434 F.3d 470, 476, n.3 (6th Cir. 2006) (citing *Webb*, 403 F.3d at 383 ).

In this case, there is ample evidence to demonstrate the district court's consideration of the factors in 18 U.S.C. § 3553(a). As evidenced by the sentencing transcript, the district court considered the factors in § 3553(a). The court specifically discussed several factors, including: the seriousness of the offense and promotion of respect for the law (18 U.S.C. § 3553(a)(2)(A)); protection of the public (§ 3553(a)(2)(B)); and Defendant's prior criminal record (§ 3553(a)(1)). The district court found the prior criminal record to be the greatest factor in determining Defendant's sentence, noting that Defendant's criminal history is lengthy and includes convictions for multiple crimes, including carrying a concealed weapon, aggravated possession of drugs, driving while intoxicated, resisting arrest, and assault. As this Court has previously stated, it is completely reasonable for a district court to place substantial weight on a defendant's criminal history. *Webb,* 403 F.3d at 384. Upon reviewing the sentencing transcript, it is clear that the district court considered all relevant factors under 18 U.S.C. § 3553(a) when it found that 140 months was sufficient, but not greater than necessary, to comply with the law. The district court was aware of its authority to grant a downward departure but did not feel such was warranted in this case. Defendant's criminal history category was properly calculated and this Court will not review the district court's decision not to grant a downward departure. *See Crouch*, 288 F.3d 907; see also *Ridge,* 329 F.3d 535.

### Ineffective Assistance of Counsel

Defendant's final argument is that he received ineffective assistance of counsel at trial when his counsel failed to object to Defendant's classification in criminal history category V. The general rule of this Circuit is that such claims may not be raised for the first time on appeal because the trial

record does not usually contain the facts necessary to decide claims of ineffective assistance of counsel. *United States v. Bradley*, 400 F.3d 459, 461-62 (6th Cir. 2005), *cert. denied*, 126 S.Ct. 145 (2005). There is an exception to this general rule when, as in the instant case, the record is adequate to review the claim on the merits. *United States v. Burgess*, 142 Fed.App'x. 232, 240 (6th Cir. 2005)(unpublished opinion) (citing *United States v. Pruitt,* 156 F.3d 638, 646 (6th Cir. 1998)).

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth a two-part test for ineffective assistance of counsel claims. "The party asserting ineffective assistance must show (1) deficient performance of counsel that fell below an objective standard of reasonableness and (2) prejudice to the asserting party such that there exists a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Thomas*, 38 Fed.Appx. 198, 201 (6th Cir. 2002) (*citing Strickland*, 466 U.S. at 693-94). Based on the discussion, *supra*, Defendant's claim necessarily fails because he cannot show that his counsel's performance fell below the objective standard of reasonableness. Defendant's criminal history classification was properly computed; therefore, it was not unreasonable for Defendant's counsel to fail to object to Defendant's criminal history classification in category V. Subsequently, Defendant cannot show that his counsel's acquiescence to criminal history category V prejudiced Defendant in any way because the classification was properly computed. Similarly, Defendant cannot demonstrate that his counsel's actions resulted in any prejudice for two reasons. First, because his counsel did request a downward departure to a 120-month sentence and, second, because the sentencing transcript makes clear that the district court determined that any sentence below the Guidelines was not warranted in light of the defendant's criminal history.

## III.   CONCLUSION

For the foregoing reasons, we **AFFIRM** the defendant's sentence.