NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0181n.06

No. 09-3144

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| **RICKI HILL**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE, GILMAN, and WHITE, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-Appellant Ricki Hill appeals his sentence for possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).  After Hill pleaded guilty, the district court, relying on *United States v. Booker*, 543 U.S. 220 (2005), varied from the Sentencing Guidelines range of 151-188 months and sentenced Hill to eighty-four months in prison.  Hill now argues his sentence is both procedurally and substantively unreasonable.  For the reasons stated below, we **AFFIRM**.

**I.  BACKGROUND**

Two incidents led to Hill's arrest.  On February 26, 2007, Albert Scott ("Scotty") Parker, working as a confidential informant with the Drug Enforcement Agency, purchased 28.7 net grams of heroin from Hill for $2400.  The following month, on March 19, 2007, a Youngstown Police Department officer conducted a traffic stop of Hill's vehicle.  Because Hill's driver's license was

suspended, the officer arrested him, and a subsequent search of his vehicle uncovered 98.9 net grams of heroin. A federal grand jury then indicted Hill on two counts of possession with intent to distribute and distribution of heroin in violation of 21 §§ U.S.C. 841(a)(1) and (b)(1)(C). Hill pleaded guilty to both counts on October 23, 2008.

The United States Probation Office then prepared a presentence report ("PSR"). Because the total amount of heroin for which Hill was held responsible was at least 100 grams but less than 400, the PSR set a base offense level of twenty-six. However, because Hill was a career offender, as defined by U.S.S.G. § 4A1.1(a), the base offense level was increased to thirty-two. The level was then reduced by three because Hill accepted responsibility and cooperated with the government. Thus, the total offense level was twenty-nine. Next, the PSR placed Hill in Criminal History Category VI because of his prior criminal conduct, resulting in an advisory Sentencing Guidelines range of 151-188 months.

On January 26, 2009, the district court held a sentencing hearing. Hill's counsel did not object to the PSR calculations, but argued for a downward variance, suggesting a sentence of sixty months. Hill's sister addressed the court as well and discussed Hill's potential to be a substance abuse counselor. The court then invited Hill to speak. He described at length his history of addiction and his struggle to change his life but also admitted that he chose to associate with a known drug dealer, Scotty Parker. Before imposing sentence, the court addressed Hill's situation and character as well as the purposes of the Sentencing Guidelines. Considering these factors, the court sentenced Hill to eighty-four months in prison (a sixty-seven-month downward variance), three years of supervised release, and a $200 special assessment.

On February 5, 2009, Hill filed a timely notice of appeal.

## II.  ANALYSIS

Sentences imposed under the advisory Sentencing Guidelines regime are reviewed for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).  We have held that whether a sentence is procedurally reasonable depends on three factors: (1) whether the district court correctly calculated the applicable Guidelines range and used it as a starting point for its sentencing analysis; (2) whether the parties were given the opportunity to argue for sentences they deemed appropriate and whether the district court made an individualized sentencing decision based upon the facts and factors articulated by 18 U.S.C. § 3553(a); and (3) whether the district court explained its reasoning with enough detail to allow for meaningful appellate review and to give the impression of fair sentencing.  *United States v. Bolds*, 511 F. 3d 568, 579-80 (6th Cir. 2007).  On the third point, a district court's explanation is adequate if it demonstrates that the court considered the parties' arguments and had a reasoned basis for its decision.  *Id.* at 580 (citing *Rita v. United States*, 558 U.S. 338 (2007)).

Procedurally reasonable sentences are reviewed for substantive reasonableness under an abuse-of-discretion standard, regardless of whether the sentence is within or outside the Guidelines range.  *Gall*, 552 U.S. at 41.  Under this standard, the district court's substantive conclusions about the relative significance of the various sentencing factors is beyond the scope of appellate review. *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008).  Therefore, we will not reverse a sentence as substantively unreasonable based simply on a complaint that a sentence is too severe or that the district court incorrectly weighed certain factors.  *United States v. Houston*, 529 F.3d 743, 756 (6th

Cir. 2008). Also, where a sentence reflects a downward variance, the defendant's burden of showing

that the sentence was substantively unreasonable "is even more demanding" than if the district court

had imposed a presumptively reasonable within-Guidelines sentence. *United States v. Curry*, 536

F.3d 571, 573 (6th Cir. 2008).

**A.      Procedural Unreasonableness**

Hill makes three arguments to support his claim of procedural unreasonableness. First, he

argues that the district court failed to address his claim that his offenses were instigated by a

government informant who was his friend. Second, he claims that the district court did not

understand its authority to depart from the advisory Guidelines range, making his sentence

procedurally flawed. Third, he argues that the district court did not adequately consider his

arguments for mitigation, contrary to the requirements of § 3553(a). We reject all three arguments.

*1.      Use of a government informant*

It is undisputed that Parker, acting as a government informant, contacted Hill and asked him

to participate in the heroin trafficking that eventually led to Hill's arrest. Hill argues that the district

court failed to consider the role that Parker and Hill's friendship played in Parker's ability to

persuade him to participate in the drug scheme. It requires no more than a cursory review of the

record for us to reject this argument. At sentencing, Hill told the court that Parker targeted and

pressured him because of their friendship and that, but for their friendship, Hill would not have

trafficked in heroin. The district court responded: "[Y]ou admit you were involved in drug

trafficking because of your friendship to Scotty Parker but . . . it was a condition of your post release

control that you not associate with drug dealers." (Sentencing Hr'g Tr. 40-41.) Further, the court

stated that Hill did Parker more than a "favor" and that Hill needed to "take full responsibility" for his actions. (*Id.* at 41, 45.) In other words, the court considered Hill's plea but was not persuaded, and it was not an abuse of discretion for the court to reject the argument.

### 2. Authority to depart

We have previously held that we review a district court's decision not to depart downward from the Guidelines range only where the record shows that the district court was unaware or did not understand its authority to depart. *United States v. Puckett*, 422 F.3d 340, 344 (6th Cir. 2005). Further, we do not require that a district court explicitly state that it is aware of its discretion. *Id.* at 346. Instead, we presume that the district court understood its discretion, absent clear evidence to the contrary. *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002).

Here, Hill attempts to persuade us that the district court was unaware of its authority to depart because, at one point during the sentencing hearing, the district court commented that it could vary from the sentencing Guidelines but was not "aware of like authority to depart under the guidelines." But the district court followed that comment by stating that Hill did not "fall[] under any category for departure"—the same conclusion made by the PSR. (Sentencing Hr'g Tr. 51.) Moreover, the district court stated at the beginning of the sentencing hearing that it would consider arguments for a downward departure or a downward variance. Finally, in his briefs Hill does not identify under which Guideline the district court should have departed. That is to say, Hill does not challenge the district court's ultimate conclusion: that he does not fall under any category for departure. Thus, considering the entire proceeding—as we must, *see United States v. Madden*, 515 F.3d 601, 612 (6th Cir. 2008)—we conclude that the district court understood its authority to depart and correctly

decided that no departure Guideline applied.

### 3. Mitigating arguments

Hill also complains that the district court failed to address adequately his mitigating arguments. In particular, he argues that the district court's consideration of his letters of support was cursory. This argument has several flaws. First, a district court is not required to discuss in detail every argument a defendant makes. *See United States v. Smith*, 510 F.3d 603, 608 (6th Cir. 2007) ("[A] district court need not explain its reasons for rejecting each argument made by the defendant."). Second, the district court *did* consider Hill's letters of support but chose to give them little weight because they were "self serving." Third, our precedent confirms that the district court's consideration of the letters was sufficient. *Cf. United States v. Hamad*, 300 F. App'x 401, 406 (6th Cir. 2008) (per curiam) (unpublished) (affirming sentence even though sentencing judge did not mention the twenty-seven letters of support from defendant's family and community).

In addition, the district court's overall sentencing decision and explanation was satisfactory. The court began its sentencing determination by stating that it had considered the types of sentences available. The court then considered the need to avoid sentencing disparities and acknowledged that it had sentenced Benjamin Parker and Scotty Parker, "major drug dealers," to 121 months and 110 months, respectively. (Sentencing Hr'g Tr. 50.) Next, the court considered Hill's mitigating arguments—his age, his family's support, and his efforts to earn a college degree. The court also opined that Hill was not the type of defendant for whom the career-offender Guideline was intended. However, the court rejected Hill's requested sentence of sixty months because a "[s]ubstantial sentence [was] necessary" for all the reasons stated earlier in the hearing, including Hill's recidivism

and decision to associate with a known drug dealer. (*Id.* at 51.) "Taking into account the totality of the circumstances," the court sentenced Hill to eighty-four months in prison—sixty-seven months below the bottom of the Guidelines range. (*Id.*) In light of this thorough analysis, we conclude that the district court properly made an individualized sentencing determination based upon the facts and § 3553(a) factors and gave sufficient explanation for the sentence imposed. *Cf. Bolds*, 511 F.3d at 579 n.4 ("We afford the district court's delicate balancing of the § 3553(a) factors such deference [] because of our assurance that the district court has followed fair procedures that provide for consideration of all the § 3553(a) factors as well as the parties' sentencing arguments.").

**B.      Substantive Unreasonableness**

In addition to his procedural arguments, Hill claims that his sentence is substantively unreasonable. As we have stated, a procedurally reasonable sentence is reviewed for substantive reasonableness under the abuse-of-discretion standard. *Gall*, 552 U.S. at 41. In addition, because Hill's sentence reflects a downward variance, his burden "is even more demanding" than if the district court had imposed a presumptively reasonable within-Guidelines sentence. *Curry*, 536 F.3d at 573.

Hill has not offered evidence sufficient to meet this high burden. The only argument that he makes is that Parker, at the behest of the Government, instigated the offenses. But the law permits the use of government informants, and, rather than pursue an entrapment defense, Hill pleaded guilty to distributing heroin—a serious offense, and his sentence reflects the fact that he is a repeat offender. Moreover, the district court acknowledged his lesser role, as compared to others involved in the criminal scheme, but explained that Hill's own choices and actions warranted a substantial

sentence.

All things considered, an eighty-four month sentence for a career offender who pleaded guilty to two counts of heroin distribution is not "greater than necessary," and the district court did not give too much or too little weight to any one factor, making Hill's sentence substantively reasonable.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.