**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 19a0218n.06

Case No. 18-5354

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| BENJAMEN B. NESBITT, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

**FILED**
Apr 26, 2019
DEBORAH S. HUNT, Clerk

**BEFORE: SUHRHEINRICH, BUSH, and READLER, Circuit Judges.**

**JOHN K. BUSH, Circuit Judge.** Benjamen Nesbitt pled guilty to being a felon in possession of a firearm. The district court sentenced him to 81 months of incarceration, within his United States Sentencing Guidelines range, and imposed a fine of $3,600, well below the Guidelines' recommendation. Nesbitt now argues that the district court erred by not departing downward below the Guidelines recommendation for his incarceration and by imposing a fine without considering all of the pertinent factors. For the reasons that follow, we **AFFIRM** both aspects of Nesbitt's sentence.

## I. BACKGROUND

In 2016, during a routine traffic stop, Nesbitt was found in possession of a stolen semi-automatic handgun. Aside from the fact that the gun was stolen, Nesbitt is a prior felon and is not permitted to possess firearms. Subsequently, on August 3, 2017, Nesbitt was indicted for being a

felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). This crime carries a maximum penalty of ten years' imprisonment and a fine of no more than $250,000. *See* 18 U.S.C. § 924(a)(2); 18 U.S.C. § 3571(b)(3). On December 6, 2017, Nesbitt pled guilty to this charge.

After Nesbitt's guilty plea the United States Probation Office prepared a Presentence Investigation Report ("PSR"). The PSR assessed Nesbitt a base offense level of 24 based on his two prior convictions, then increased his offense level by 2 because the firearm was stolen and decreased it by 3 to denote that Nesbitt accepted responsibility for his actions, for a final offense level of 23. Additionally, the PSR calculated that Nesbitt had a criminal history category of IV. Based on these calculations, the Guidelines recommended a sentence of 70 to 87 months and a fine of $20,000 to $200,000.

Prior to his sentencing, Nesbitt filed a Sentencing Memorandum, objected to the PSR, and moved for a downward departure from the Guidelines. Nesbitt objected to the PSR and requested a downward departure because both his Guidelines range and his criminal history category incorporated his two prior convictions, which he argued created a "double-enhancing effect of increasing both the offense level and the criminal history category resulting in a sentence that is greater than necessary to achieve the goals and mandates of the Sentencing Guidelines." R. 52, PageID 133. By written orders and without a hearing, the district court rejected Nesbitt's objections to the PSR and his motion for a downward departure. The court specifically noted that "the guidelines expressly provide that '[p]rior felony conviction(s) resulting in an increased base offense level under subsection (a)(2) . . . are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History).'" R. 56, PageID 147 (quoting U.S.S.G. § 2K2.1 cmt. 10).

2

On March 30, 2018, the district court sentenced Nesbitt. At the sentencing hearing, the court noted Nesbitt's prior objections, but did not reexamine them. Nesbitt's counsel addressed the relevant factors under 18 U.S.C. § 3553(a) and asked the court to consider Nesbitt's relative youth (he was only 18 years old at the time of his first conviction) and the fact that Nesbitt had grown up without a positive male role model in his life. Nesbitt's counsel also requested community service in lieu of a fine. He argued that community service would be more appropriate and would not "tak[e] money out of Mr. Nesbitt's children's mouths." Appellant Br. at 9.

Based on the positive elements brought forth at the sentencing hearing, the court gave Nesbitt a "six-month discount." R. 79, PageID 297. The court sentenced Nesbitt to 81 months' incarceration. *Id.* at 300. On the issue of the fine, the court determined that community service would not be appropriate but departed downward from the recommended range of $20,000 to $200,000, imposing a fine of $3,600 instead. According to the court, this fine would have both punitive and deterrent effects on Nesbitt, while allowing him to avoid community service, which might "put [him] in a situation where [he] will be exposed to people that might tempt [him] to do things that [he] wouldn't otherwise want to do." *Id.* at PageID 297–98. Additionally, the court stated that the modest amount of the fine would not place an inequitable burden upon Nesbitt or his family and reflected his earning potential. *Id.* at PageID 298–99. The court also sentenced Nesbitt to three years of supervised release following his incarceration. *Id.* at PageID 301.

Nesbitt timely appealed his sentence to this court. On appeal, he argues that his sentence was procedurally and substantively unreasonable. He argues that the district court committed two errors: 1) in denying his motion for a downward departure, the court did not give him a proper opportunity to present evidence before the court issued a written memorandum which disposed of the motion, and 2) the court, in imposing a fine, did not consider all of the relevant factors.

## II. DISCUSSION

### A. Failure to Grant a Downward Departure

Nesbitt appeals the district court's failure to grant a downward departure from his Guidelines range. However, such an appeal is not reviewable except in unique circumstances:

> Generally, a court's failure to exercise its discretion and grant a downward departure is not reviewable. An appellate court may only review a denial of a motion for a downward departure if the district court judge incorrectly believed that [he] lacked any authority to consider defendant's mitigating circumstances as well as the discretion to deviate from the guidelines.

*United States v. Clark*, 385 F.3d 609, 623 (6th Cir. 2004) (alteration in original) (internal citations and quotation marks removed) (quoting *United States v. Coleman*, 188 F.3d 354, 357 (6th Cir. 1999)). Thus, only if the judge did not understand that she or he could grant a downward departure will we review her or his failure to do so. Even if the judge's decision not to grant a downward departure was based on "clearly erroneous findings of fact[,] . . . the district court's failure to depart downward still would not be appealable . . . ." *Id.* (quoting *United States v. Watkins*, 179 F.3d 489, 501 (6th Cir. 1999)).

We review de novo the issue of whether the district court judge was aware of her or his authority to depart from the Guidelines, but we presume, "absent clear evidence in the record to the contrary" that the district court judge did understand the nature of her or his discretion and authority to grant the departure motion. *Id.* (quoting *United States v. Crouch*, 288 F.3d 907, 910 (6th Cir. 2002)). Here, Nesbitt has not even raised this issue. Further, the trial court record does not present any evidence that would support such an assertion even if Nesbitt had made it. Therefore, we reject Nesbitt's appeal of this issue.

### B. Failure to Consider Relevant Factors in Imposing a Fine

Nesbitt also argues that the district court failed to consider relevant factors in imposing a fine. According to Nesbitt, the district court pre-judged the issue of the fine and did not consider Nesbitt's "financial resources or his ability to pay" nor "the impact that any fine might have on Mr. Nesbitt's dependents." Appellant Br. at 22. Additionally, "the district court did not address how Mr. Nesbitt was to pay the fine while he was being incarcerated in the federal system for almost seven years," and while he faced the possibility of further incarceration for state charges. *Id.* Nesbitt argues that, together, these failures to consider "all the pertinent factors outlined in USSG 5E1.2(d) and 18 U.S.C. §§ 3571 and 3572" make the sentence procedurally unreasonable and subject to remand for new sentencing.[1] *Id.* at 23.

A sentence is procedurally unreasonable if the district court "fail[ed] to calculate (or improperly calculat[ed]) the Guidelines Range, treat[ed] the Guidelines as mandatory, fail[ed] to consider the [18 U.S.C.] § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). To properly "explain the chosen sentence" the district court "must 'set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Klups*, 514 F.3d 532, 537 (6th Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). Thus, Nesbitt can prevail if he can show that the district court did not consider his arguments or did not have a reasoned basis for rejecting them.

---

[1]As the government correctly notes in its appellate brief, Nesbitt's statement of the issue does not match his argument. Nesbitt asserts that the issue is "[w]hether the sentenced imposed is substantively and procedurally unreasonable," Appellant Br. at 3, but nowhere in his argument does Nesbitt allege substantive unreasonableness; instead he makes arguments related only to the procedural reasonableness of the sentence, *id.* at 13–24. Therefore, for purposes of this appeal, we will examine only the procedural aspects of Nesbitt's sentence.

There is disagreement between the parties over the appropriate standard of review that this court should employ. According to Nesbitt, the sentence is subject to review under an abuse of discretion standard. The government, however, argues that because Nesbitt "failed to assert any errors upon the district court's invitation" the sentence is subject only to plain error analysis. Appellee Br. at 5; *see United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc) ("A party who neglects to make an objection, even after being given 'an opportunity' to do so, forfeits the argument and may obtain relief on appeal only if the error is 'plain' and 'affects substantial rights.'" (quoting Fed. R. Crim. P. 52(b))).

At the sentencing hearing, Judge Reeves asked if Nesbitt had any additional objections he wished to make. However, Judge Reeves also stated that "the objections that were raised and that were addressed previously by the Court in written opinion have been properly preserved, but the record will note that you continue to object for those reasons that I've stated." R. 79, PageID 306. And in declining to raise new objections, Nesbitt's counsel specifically noted that Nesbitt wished to preserve those previous objections: "I will say on behalf of myself and on behalf of the defendant other than what you have indicated has been preserved, I have no other objections, nor ask for additional findings." *Id.* at PageID 307. Thus, Nesbitt's prior objections were all preserved. However, Nesbitt did not object, at any point, either via a written motion or orally at sentencing, to the judge's purported failure to consider all of the relevant factors in imposing a fine. Therefore, we will examine the issue of Nesbitt's fine under plain error review.

To succeed, Nesbitt "must show an error that is plain, that affects his substantial rights, and that seriously affects the fairness or integrity of the proceedings." *United States v. Bradley*, 897 F.3d 779, 783 (6th Cir. 2018). To show that his substantial rights were affected, Nesbitt must show prejudice. "The prejudice in an adequacy-of-explanation challenge comes from the inference

6

that the district court would have reached a different sentence if it had reasoned properly." *United States v. Gabbard*, 586 F.3d 1046, 1051 (6th Cir. 2009). In other words, Nesbitt must show that any error actually affected his sentence; "the district court's mere failure to fully *explain* the extent of its consideration of sentencing factors, which it had in fact fully considered, could not [be] viewed . . . as plain error so affecting [Nesbitt's] substantial rights and impugning the fairness of the proceeding that appellate correction would [be] warranted." *United States v. Houston*, 529 F.3d 743, 751 (6th Cir. 2008).

Here, the error of which Nesbitt complains is a purported failure to "consider all the pertinent factors outlined in USSG 5E1.2(d) and 18 U.S.C. §§ 3571 and 3572." Appellant Br. at 23. Specifically, Nesbitt contends that "[w]hile the district court considered the punishment, deterrence, and respect for the law factors in announcing the fine, it failed to take into consideration Mr. Nesbitt's ability to pay or the ramifications that the fine might have on his dependents." *Id.* at 21. It is true, as Nesbitt notes, that in imposing a fine upon a criminal defendant, a court must consider not only the factors laid out by 18 U.S.C. 3553(a), "but also the fine-specific factors set forth in 18 U.S.C. §§ 3571 and 3572, and U.S.S.G. § 5E1.2(d)." *United States v. Zakharia*, 418 F. App'x 414, 424 (6th Cir. 2011). It is equally true that the district court is required to consider "the defendant's income, earning capacity and financial resources" as well as "the burden that the fine will impose upon the defendant [and] any person who is financially dependent on the defendant . . . relative to the burden that alternative punishments would impose." 18 U.S.C. §3572(a)(1)–(2).

If, in imposing the fine upon Nesbitt, the district court did not consider these factors, then the fine would be procedurally unreasonable and we would be required to grant Nesbitt's appeal. Nesbitt contends that the district court pre-judged the matter of the fine, and that the court did not "take into account Mr. Nesbitt's financial resources or his ability to pay." Appellant Br. at 22.

Nesbitt also argues that the district court "failed to mention the impact that any fine might have on Mr. Nesbitt's dependents." *Id.* These assertions are flatly contradicted by the record. First, Judge Reeves specifically stated that "I have thought about the issue of whether a fine would be appropriate or whether community service would be appropriate." R. 79, PageID 297–98. This shows that the district court did not pre-judge the issue of the fine. Additionally, Judge Reeves stated that he had "look[ed] at the other factors, including the burden it would place on the defendant, including members of his family, and his earning capacity." *Id.* at PageID 299. In fact, looking at these factors was what led Judge Reeves to impose a fine below Nesbitt's Guidelines range: "[w]hile I don't believe this defendant can pay a fine within the range, I do believe he's able to pay a modest fine in the amount of $3,600, and that will be imposed." *Id.* at PageID 304. Judge Reeves also deferred the payment of the fine until after Nesbitt's term of incarceration is complete, allowed Nesbitt to pay the fine in monthly installments, and waived any requirement for Nesbitt to pay interest on his debt. Because it is obvious from the record that the district court considered the required factors before imposing the fine, Nesbitt cannot show any error, and certainly cannot show prejudice.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's sentence.