**UNITED STATES of America Plaintiff–Appellee,**

v.

**Alex THOMAS Defendant–Appellant.**

No. 00–2110.

United States Court of Appeals, Sixth Circuit.

Feb. 28, 2002.

Before JONES and COLE, Circuit Judges; SARGUS,* District Judge.

OPINION

COLE, Circuit Judge.

Defendant–Appellant Alex Thomas appeals the decision of the district court, assigning error to the district court's assessment of his sentence for violating his supervised release. In particular, Thomas alleges that the district court failed to apply the factors enumerated in 18 U.S.C. § 3553 in determining his sentence. For the following reasons, we DISMISS Thomas's appeal on the grounds that it is moot.

Background

On December 14, 1995, a jury convicted Thomas of twenty-one counts for making false claims in violation of 18 U.S.C. § 287, a Class D felony. Thomas was subsequently sentenced to thirty-seven months imprisonment followed by three years of

---

* The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

supervised release. As a condition to serving this period of supervised release, Thomas agreed to report to a community corrections center and refrain from violating any federal, state, or local law. The period of supervised release began on February 19, 1999. On June 26, 2000, Thomas's parole officer petitioned the district court for a warrant for Thomas's arrest. The petition arose out of Thomas's failure to report his convictions in Michigan state court for domestic violence and marijuana possession and his failure to timely report to a community corrections center, as previously agreed.

At the supervised release hearing, Thomas conceded that he violated the provisions of his supervised release and that, under the United States Sentencing Guidelines, ("U.S.S.G. or the Guidelines"), he was subject to a period of incarceration ranging from five to eleven months. However, Thomas urged the district court to recommend that he be placed in a "halfway house" or community corrections center in lieu of serving further time in prison. In support of his position, Thomas pointed to the fact that he was enrolled in coursework at Oakland Community College and had obtained a work-study position in the college laboratory. Thomas also noted that he was maintaining a second job in an attempt to meet his child support payments. He argued that he was making steps towards self-improvement during the supervised release period and could continue to do so in a halfway house or community corrections center.

After considering Thomas's position and that of the Government, the district court revoked Thomas's supervised release period and sentenced him to eleven months of incarceration, "after which there shall be no more supervised release at all." The court explained to Thomas, "I don't think supervised release is a viable option in as

much as you have been unable to make any progress with all the assistance of the Probation Department in the period that's already elapsed."

Thomas appeals, asserting that the district court failed to adequately consider the factors enumerated in 18 U.S.C. § 3553. *See United States v. McClellan,* 164 F.3d 308, 309 (6th Cir.1999) ("[t]he district court's sentence must reflect consideration of the factors listed in 18 U.S.C. § 3553."). Thomas has since been released from prison.

### Discussion

#### A. Mootness

█ As a threshold issue, because we review Thomas's appeal after his release from prison, we must address whether his claim is in fact justiciable. Because our judicial power extends only over actual cases and controversies, this court cannot determine issues that are presently moot. This court "has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. U.S.,* 506 U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653, 16 S.Ct. 132, 40 L.Ed. 293 (1895)). "For that reason, if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." *Id.See also Rosales–Garcia v. Holland,* 238 F.3d 704, 713 (6th Cir.2001) ("A case is deemed moot if the relief sought would make no difference to the legal interests of the parties."); *Cleveland Branch, Nat'l Ass'n for the Advancement of Colored People v. City of Parma,* 263 F.3d 513, 530 (6th Cir.2001). A case or controversy that is no longer active can overcome the mootness doctrine only

where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 148, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975).

Here, after filing this appeal, Thomas has since completed serving the sentence that he challenges. Given that he is essentially challenging a sentence that has already been served, Thomas is asking this Court to consider a controversy that is no longer active. Moreover, given that Thomas is no longer detained in any way by the Government, nor under any period of supervised release, he has failed to demonstrate that there is a likelihood that there is a reasonable expectation that he will subject to the same complained action again. *See Rosales–Garcia* at 713 (holding that a challenge to an INS detention is not moot where detainee is released but required to remain in a supervised release program). Therefore, Thomas's appeal is to be dismissed as moot.

### B.   18 U.S.C. § 3553

█ Regardless of the justiciability of Thomas's claim, we are confident that the district court complied with the requirements of 18 U.S.C. § 3553 in determining Thomas's sentence. We review a district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *See United States v. Webb,* 30 F.3d 687, 688 (6th Cir.1994).

18 U.S.C. § 3553 contains factors which guide a district court in determining the appropriate sentence for a particular defendant's violation of supervised release. The relevant factors listed in § 3553 include: the seriousness of the offense; the need to deter criminal conduct, the need to protect the public, the need to provide defendant with appropriate treatment; any guideline range for sentencing; guideline policy statements; and avoidance of unwarranted disparities. *See* 18 U.S.C. § 3553(a). While this Circuit has required district courts to consider these factors in determining a defendant's sentence for failure to comply with the terms of his supervised release, there is no requirement that a district court make specific findings for each factor. *See United States v. Washington,* 147 F.3d 490, 491 (6th Cir.1998) ("We agree with the Fourth Circuit that a court need not engage in ritualistic incantation in order to establish consideration of a legal issue. Nor is there a requirement that the district court make specific findings relating to each of the factors considered [under § 3553].") Instead, it is presumed that the district court has acted within the confines of its discretion where the record reflects that the court generally considers the 18 U.S.C. § 3553 factors and the applicable statutory range. *Id.* ("At the time of sentencing, the district court simply must state on the record its general reasons under section 3553(a) for . . . imposing a more stringent sentence.")

Here, the record reflects that while the sentencing court did not examine each of the § 3553 factors specifically, the court did make a determination that Thomas did not comply with the terms of his supervised release and was not making progress with the Probation Office during the supervised release period. This is certainly a reasonable conclusion in light of the circumstances, especially given Thomas's multiple arrests, including a domestic violence charge. Moreover, this consideration of the § 3553 factors is ample, given that these factors include the seriousness of the violation, the need to deter criminal conduct, and the need to protect the public. The district court thus reasonably

considered the relevant factors under 18 U.S.C. § 3553 in sentencing Thomas to eleven months in prison.

Conclusion

For the foregoing reasons, Thomas's appeal is DISMISSED as moot.