*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0260p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

    *v.*

RICHARD MCGEE,

      *Defendant-Appellant.*

No. 06-1554

>

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 05-00214—Robert Holmes Bell, Chief District Judge.

Argued: June 7, 2007

Decided and Filed: July 11, 2007

Before: CLAY, GILMAN, and McKEAGUE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Frank E. Stanley, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Frank E. Stanley, Grand Rapids, Michigan, for Appellant. Brian P. Lennon, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

---

## OPINION

---

McKEAGUE, Circuit Judge. Appellant Richard Bruce McGee was found guilty of possession with intent to distribute cocaine base, being a felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime. With respect to the first two offenses, the district court calculated a Guidelines range of 46-57 months in prison and sentenced Appellant to 48 months for each offense, to be served concurrently. With respect to the third offense, the district court sentenced Appellant to the statutory mandatory minimum of 60 months in prison, to be served consecutively to the 48-month sentence. On appeal, Appellant claims that (1) the district court erred in the scoring of his criminal history category and (2) his sentence is unreasonable. For the reasons stated below, we AFFIRM.

## I. BACKGROUND

The charges and convictions in this case arose out of events on July 13, 2005. During the execution of a search warrant on Appellant's home in Benton Harbor, Michigan, Detective Eugene

Casto found the following items in Appellant's bedroom:  cocaine base, a loaded .44 Magnum handgun, a 12-gauge shotgun, and packaging material.  John Hopkins of the Berrien County Sheriff's Department also found cocaine in the left pocket of the pants that Appellant was wearing.

Sergeant Robert Boyce testified that he interviewed Appellant in a squad car outside the house that day.  After receiving his *Miranda* rights, Appellant stated that he understood those rights and that he was still willing to speak.  Appellant then admitted to Sergeant Boyce that (1) the cocaine found at the residence and on his person belonged to him; (2) he intended to sell part of the cocaine seized and to use part of it; (3) the 12-gauge shotgun belonged to him, as he had purchased it from someone named Timothy five or six years ago; (4) he purchased the .44 Magnum handgun from an unknown person in Benton Harbor one year ago; and (5) he had the .44 Magnum for protection in case someone "tried to rip [him] off."  J.A. at 134-35.

On December 16, 2005, a jury returned guilty verdicts on all counts of a three-count indictment.  Appellant was found guilty of Count 1, possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); Count 2, unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and Count 3, unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

The Presentence Report ("PSR")[1] recommended finding that Appellant's criminal history category was II, based on three criminal history points:  two points were added for Appellant's 1992 felony drug conviction, and one point was added for his 1996 domestic violence conviction.  Thus, based on a total offense level of 22 and a criminal history category of II, the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") range calculated in the PSR was 46 to 57 months in prison on each of Counts 1 and 2.  Count 3 was not calculated because the minimum term of imprisonment required by statute is five years, to run consecutively to any other term of imprisonment imposed.

Appellant objected to the recommendation that two points should be assessed as a result of his 1992 conviction.  He argued that the date for the commencement of the instant felon-in-possession offense should be July 13, 2005, which would preclude the scoring of his 1992 conviction pursuant to U.S.S.G. § 4A1.2(e)(2), (3), because the commencement of the instant offense would not have been within ten years of the imposition of his 1992 sentence.  Had the objection been sustained, the Guidelines range would have been 45-51 months.  The Probation Office responded that the instant offense commenced within ten years of his 1992 sentence because Appellant took possession of the 12-gauge shotgun in 1999 or 2000, per his admission to Sergeant Boyce.  Appellant filed a sentencing memorandum on March 14, 2006.  In it, he asked the district court to consider his addictions and mental heath issues in fashioning a sentence.

At the March 21, 2006 sentencing hearing, the district court denied Appellant's objection. Appellant's attorney referred to him as "a very poor historian," and stated that although it is

> certainly possible that [Appellant] had [the shotgun] as much as five or six years, []
> his only basis for knowing how long he possessed that shotgun was the person he
> received it from had moved to Ohio, and he thinks that person may have moved to
> Ohio as recently as two or three years ago.

J.A. at 151.  The district court judge stated that Sergeant Boyce testified that Appellant admitted that the 12-gauge shotgun was his and that he received it five or six years ago.  The judge also noted that he had no evidence to the contrary, an assertion with which Appellant's attorney agreed.  Thus, the

---

[1]The United States Probation Office used the 2005 edition of the Guidelines manual.

district court concluded that Appellant's possession was within ten years of his 1992 felony conviction.

The district court thus determined that the Guidelines range was correctly calculated and that with respect to Counts 1 and 2, Appellant's total offense level was 22 and his criminal history category was II. The court therefore sentenced Appellant to 48 months in prison on Counts 1 and 2, to run concurrently, along with 60 months in prison on Count 3, to run consecutively. Appellant filed a timely appeal.

## II.  ANALYSIS

### A.  Standard of Review

We apply a clearly erroneous standard of review to the factual findings of the district court, and we apply a de novo standard of review to the legal conclusions of the district court. *United States v. Rodriguez*, 40 F. App'x 899, 900 (6th Cir. 2002) (per curiam) (quoting *United States v. Curly*, 167 F.3d 316, 318 (6th Cir. 1999)). A factual finding is clearly erroneous "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Tran v. Gonzales*, 447 F.3d 937, 943 (6th Cir. 2006).

We review a criminal sentence for reasonableness, *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006) (citing *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005)), *cert. denied*, 2007 WL 669295 (U.S. June 29, 2007) (No. 06-9826), and we credit sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness. *Rita v. United States*, ___ S. Ct. ___, 2007 WL 1772146, at *6 (U.S. June 21, 2007); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir.), *cert. denied*, 2007 WL 1854202 (U.S. June 29, 2007) (No. 06-5275).

### B.  Appellant's Criminal History Category

Section 4A1.1(b) of the Guidelines provides that in determining a defendant's criminal history category, two points are added for each prior sentence of imprisonment of at least sixty days not counted in Section 4A1.1(a), which provides that three points are added for each prior sentence of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a), (b). However, Section 4A1.2 of the Guidelines, providing definitions and instructions in computing a criminal history category, states that prior sentences not within certain time periods will not be counted for criminal history category purposes. *Id.* at § 4A1.2(e)(3). Specifically,

> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

*Id.* at § 4A1.2(e)(1), (2).

In the instant case, Appellant was sentenced to 180 days in jail for his 1992 felony drug conviction. Therefore, pursuant to U.S.S.G. § 4A1.2(e)(2), that conviction cannot be considered in calculating Appellant's criminal history category under U.S.S.G. § 4A1.1(b) if the instant felon-in-possession offense commenced after 2002. We have stated that "the offense of felon in possession is complete once the felon actually obtains possession of a firearm, but continues as long as it remains in his possession." *United States v. Barnes*, 910 F.2d 1342, 1344 (6th Cir. 1990). Based on Appellant's admission that he acquired the shotgun five or six years prior to his July 13, 2005

arrest, the PSR stated that he committed the instant felon-in-possession offense in 1999 or 2000, which was within ten years of his 1992 felony drug conviction. For this reason, the PSR included a two-point addition to his criminal history category. The district court made the same determination.

On appeal, Appellant argues that the rule of lenity and the *Walton* estimate rule, providing that when an ambiguity exists, it should be resolved in a criminal defendant's favor, are applicable to the instant case. *See United States v. Walton*, 908 F.2d 1289, 1302 (6th Cir. 1990). He therefore concludes that the district court erred when it included the two-point addition in the calculation of his criminal history category.

Because the only evidence in the record with respect to this issue is Appellant's admission to Sergeant Boyce that Appellant first possessed the shotgun five to six years ago, the district court did not err. Just as we recognized that a prosecutor cannot "rely solely upon 'evidence' created through the phrasing of [his] own question," *United States v. Frost*, 125 F.3d 346, 357 (6th Cir. 1997), Appellant in the instant case cannot rely solely–especially after choosing to not testify, file an affidavit, or make allocution–on his counsel's argument during sentencing proceedings in concluding that a factual ambiguity exists with respect to the question of how long he possessed the shotgun. *See United States v. Kane*, 887 F.2d 568, 572 (5th Cir. 1989) (statements by counsel are not evidence); *United States v. Peterson*, 808 F.2d 969, 975 (2d Cir. 1987) (same).

For these reasons, Appellant's appeal to the rule of lenity and *Walton* fails. In *Walton*, we held that "when choosing between a number of plausible estimates of drug quantity, none of which is more likely than not the correct quantity, a court must err on the side of caution." 908 F.2d at 1302. In that case, however, we specifically noted that there was evidence supporting the drug estimates of both the prosecution and the defense. *Id.* at 1302-03. Similarly, the rule of lenity requires some degree of ambiguity, in which case that ambiguity is generally resolved in the favor of a criminal defendant. *E.g.*, *United States v. One TRW, Model M14, 7.62 Caliber Rifle*, 441 F.3d 416, 420 n.3 (6th Cir. 2006) (recognizing that the ambiguity may not trigger the rule unless it is "grievous"). In contrast, as pointed out by the district court, there is no evidence in the record in the instant case regarding when Appellant first possessed the gun in question save his own admission to Sergeant Boyce that he first obtained the gun five or six years prior to his July 2005 arrest. Indeed, statements made by Appellant's counsel in arguments at sentencing are not evidence in the record. Accordingly, *Walton* and the rule of lenity, which require some ambiguity, are inapplicable. The district court thus did not err in scoring Appellant's criminal history.[2]

## C. The Reasonableness of Appellant's Sentence

In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court held that the previously mandatory Guidelines are now advisory. However, it left the Guidelines scheme intact

---

[2] Appellant's other arguments with respect to this issue are similarly unpersuasive. He claims that the district court's reliance on Sergeant Boyce's testimony was misplaced because Boyce had no personal knowledge as to when the shotgun was actually acquired or whether Appellant's estimate of a date was accurate. This argument fails to the extent that Appellant made a direct admission to Sergeant Boyce.

He also contends that the district court erred because this question "did not turn on credibility as much as it turned on [his] psychological difficulties and [his] inability to recall past events," problems with respect to which the district court was "well aware." Appellant's Br. 29. This argument demonstrates that Appellant misunderstands the district court's conclusion as well as the evidence in the record. Indeed, the district court's denial of his objection was based on the fact that, as stated above, there was no evidence in the record other than his own admission that he possessed the gun for five to six years prior to July 2005. Furthermore, Sergeant Boyce testified that he had conducted thousands of interviews and that before Appellant admitted that he had obtained the gun five to six years prior to July 2005, Sergeant Boyce determined that Appellant appeared to be normal, coherent, and not under the influence of alcohol or any controlled substance.

for use by the district courts as a guide for sentencing. *Id.* at 264-65. Therefore, district courts are permitted to vary from the Guidelines in fashioning a sentence fitting the mandate of 18 U.S.C. § 3553(a). *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). Section 3553(a) of title 18 requires district courts to consider the following factors in determining a defendant's sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;
> (5) any pertinent policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

We now review sentences under a reasonableness standard. *Booker*, 543 U.S. at 261-62; *Borho*, 485 F.3d at 908. The reasonableness review contains both procedural and substantive components. *United States v. McBride*, 434 F.3d 470, 475 n.3 (6th Cir. 2006). The procedural aspect examines the rationale supporting the district court's sentence, seeking to ensure that the district court adequately considered the § 3553(a) factors. *United States v. Trejo-Martinez*, 481 F.3d 409, 412 (6th Cir. 2007) (citation omitted). The district court must explain its reasoning in a manner sufficient to permit meaningful appellate review. *Id.* at 412-13 (citation omitted). "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *Borho*, 485 F.3d at 908 (quoting *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006)). However, we have emphasized that in order for a sentence to be procedurally reasonable, a district court need not provide "a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors." *Trejo-Martinez*, 481 F.3d at 413 (citations omitted). "[A] sentence may be substantively unreasonable 'when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Borho*, 485 F.3d at 908 (quoting *Collington*, 462 F.3d at 808). As stated above, a presumption of reasonableness applies to a sentence within the Guidelines range. *Rita*, 2007 WL at 1772146, at *6.

In his appellate brief, Appellant relies heavily on our now-vacated decision in *United States v. Vonner*, 452 F.3d 560, 567-68 (6th Cir.), *reh'g en banc granted*, (Oct. 12, 2006), for the proposition that when a criminal defendant raises a specific claim as to why a sentence below the

Guidelines range should be imposed, meaningful appellate review requires that the district court consider the argument and that it explain why it rejected that argument. Recognizing that *Vonner* has been vacated, Appellant conceded at oral argument that his contention with respect to the reasonableness of his sentence would fail under our law as it currently stands.

Appellant urged us, however, to delay issuing a decision in this case until the Supreme Court decided *Rita*–which has now been decided–and to allow him to file a supplemental brief following that decision. Along these lines, Appellant contends that his sentence should be vacated and that he should be resentenced because he "had called a number of factors to the district court's attention, including [his] drug addiction[,] that had led him into the instant offenses, his mental, emotional, psychological, and medical difficulties, and the fact that [his] mental difficulties caused him to make a poor decision," yet the district court "did not address [his] multiple reasons for a lesser sentence and did not explain either how those reasons factored into the sentencing court's calculus or the sentencing court's reasons for rejecting [his] reasons." Appellant's Br. 33, 35.

We reject Appellant's invitation because although *Rita* has now been decided, his argument fails regardless of the disposition of the issues in that case. Appellant's within-Guidelines sentence was adequately explained, as the district court judge considered the applicable range and the factors in § 3553(a). *Borho*, 485 F.3d at 908. Moreover, the district court carefully considered the nature and circumstances of Appellant's drug operations, specifically referencing the facts underlying the crime. The district court also noted that Appellant has a record of drug convictions, that his choice to sell cocaine from his house was a serious offense, that his likelihood of recidivism "remains high unless intervention is had" in light of his continued criminal behavior, and that, while recognizing the seriousness of the offense and the need to protect the public, a sentence at the lower end of the Guidelines range provides an opportunity for his rehabilitation.

Appellant's argument with respect to his alleged mental problems and drug addiction lacks merit, as he attempts to imply, based on a conversation he had with a psychologist, that his purported problems prevented him from understanding constructive possession, which resulted in his decision to go to trial rather than to plead guilty. Not only is this argument attenuated, but Appellant fails to explain any factual basis for it or why his trial counsel could not apprise him of the distinction between actual and constructive possession as well as the applicability of those concepts to the facts of his case. His arguments with respect to his purported drug addiction are similarly so unsupported and amorphous that the district court did not err in declining to specifically address them. Indeed, in most cases, if there is no factual basis for a defendant's argument, the district court need not specifically address the argument. *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006), in which we stated in dicta that "[w]here a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it," is not to the contrary. *See also United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006), *cert. denied*, 2007 WL 1854180 (U.S. June 29, 2007) (No. 06-1157).

Finally, Appellant argues that the presumption of reasonableness applicable to a sentence within the Guidelines range "is not necessarily the appropriate way to review sentences," and he asks us "to reconsider its standard of review and to better define what a criminal defendant must do to rebut the presumption of reasonableness." Appellant's Br. 24, 36. As we are bound by the Supreme Court's decision in *Rita*, we must deny the first part of Appellant's request.

We must deny the second as well. Indeed, Appellant does not argue that the presumption should not apply under the facts of his case; rather, by asking the panel to "better define what a criminal defendant must do to rebut the presumption of reasonableness," he simply invites the panel to issue an advisory opinion or to consider hypothetical or abstract questions, which Article III of the Constitution prohibits us from entertaining. *Sankyo Corp. v. Nakamura Trading Corp.*, 139 F.

App'x 648, 650 (6th Cir. 2005); *United States v. Thomas*, 43 F. App'x 728, 729 (6th Cir. 2002) ("This court has no authority . . . to declare principles or rules of law which cannot affect the matter in issue in the case before it." (citation and internal quotation marks omitted)).

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court.