**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0027n.06
Filed: January 9, 2008

**NO. 06-6171**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee,* | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| PATRICK ALEXANDER, | ) | TENNESSEE |
| | ) | |
| | ) | OPINION |
| *Defendant-Appellant.* | ) | |

**Before: KEITH and CLAY, Circuit Judges; and HOOD, District Judge.**[*]

**HOOD, District Judge**. Defendant-Appellant Patrick Alexander ("Defendant") appeals the sentence imposed by the district court upon his plea of guilty to charges of assaulting a federal officer and sale or receipt of stolen vehicles, in violation of 18 U.S.C. § 111 and 18 U.S.C. § 2313, respectively. The district court sentenced Defendant to 132 months imprisonment followed by three years of supervised release.

Despite failing to object to his criminal history category at the time of sentencing, Defendant now argues that his sentence is unreasonable due to an amendment to the United States Sentencing Guidelines (the "Guidelines") which could affect his total criminal history score. The amendment at issue was merely a proposed amendment at the time the parties briefed the issue; however, the

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

amendment was subsequently adopted and became effective on November 1, 2007.

Specifically, Defendant claims that excessive points were used in the calculation of his criminal history score because the Presentence Report ("PSR") assigned three points each for seven prior convictions, instead of treating the convictions as one incident and assigning three points total. For the reasons discussed below, we **AFFIRM** the sentence imposed by the district court

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2005, a grand jury returned a five-count indictment against Defendant, charging him with four counts of assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. § 111, and one count of sale or receipt of stolen vehicles, in violation of 18 U.S.C. § 2313.

Defendant pled guilty to all five counts in the indictment. The PSR calculated a combined adjusted offense level of 28, which was reduced by three levels for acceptance of responsibility, for a final offense level of 25. Further, the PSR calculated that Defendant had 50 criminal history points, indicating criminal history category VI. Included in Defendant's 50 criminal history points were three points for each of the seven charges of theft of automobiles, to which Defendant pled guilty on April 12, 2000, for a total of 21 points. With a total offense level of 25 and criminal history category VI, the 2005 Guidelines, which both parties agreed was the version to be applied at sentencing, recommended a sentence of 110-137 months. The district court imposed a sentence of 84 months on Counts 1 through 4, to be served concurrently, and a sentence of 48 months on Count 5, to be served consecutively with the sentence for Counts 1 through 4, for a total of 132 months. No fine was imposed, but restitution was required in the amount of $3,903.43. Defendant was also sentenced to three years of supervised release. Defendant timely filed his Notice of Appeal.

2

Defendant argues that because the amendment to the Guidelines would treat the seven convictions in April of 2000 as one offense, for a total of 3 criminal history points instead of 21, that his total criminal history score was over-represented by 18 points. Placement in criminal history category VI requires a minimum of 13 points. Defendant does not argue that a criminal history score of 32 would indicate a criminal history category other than category VI. Instead, Defendant argues that because the district judge emphasized the total criminal history score of 50, not just the criminal history category of VI, that the court may have considered a lesser sentence had Defendant's criminal history score been less than 50.

## II. STANDARD OF REVIEW

This Court reviews a criminal sentence for reasonableness. *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007). Sentences properly calculated under the Guidelines are credited with a rebuttable presumption of reasonableness. *Id.* (*citing Rita v. United States*, 127 S.Ct. 2456, 2462-63 (2007)). A sentence is unreasonable if the district court failed to consider the Guideline range or those factors set forth in 18 U.S.C. § 3553(a). *United States v. Cage,* 458 F.3d 537, 540 (6th Cir. 2006). The factual findings used when applying the Guidelines are reviewed for clear error, while legal conclusions of the district court are reviewed *de novo. United States v. Galloway,* 439 F.3d 320, 322 (6th Cir. 2006).

## III. ANALYSIS

Defendant argues that his sentence is procedurally unreasonable because an amendment proposed to the Guidelines after his sentencing would have treated his seven convictions for theft of automobiles as one offense, for a total of 3 criminal history points, instead of the 21 points which

were counted toward his criminal history score. The amendment to § 4A1.2(a)(2) of the Guidelines reads:

> If a defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately, unless (A) the sentence resulted from offenses contained in the same charging document; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

Under the amendment, Defendant's seven prior sentences for theft of automobiles would have counted as only a single sentence because they resulted from offenses contained in the same charging document and were imposed on the same day. Regardless of how the offenses are counted, however, Defendant's criminal history category remains the same. Assuming the seven convictions in April of 2000 added only 3 points to Defendant's total criminal history score, instead of 21, Defendant's criminal history score of 32 would remain well within category VI, which requires only 13 criminal history points.

In addition to Defendant's criminal history, in imposing the sentence the district judge also considered the seriousness of the offense, the need to promote respect for the law, and the need to deter others from similar conduct. Defendant's argument that his sentence will be significantly disparate from the sentences of those sentenced after the adoption of the amendment is without merit. Regardless of the enactment of the amendment to the Guidelines, Defendant's criminal history classification does not change. The district judge clearly set forth his rationale for Defendant's sentence, and that rationale was based on more factors than simply Defendant's criminal history. Additionally, the district judge noted his authority to issue a sentence below the Guidelines,

4

but ultimately decided that such a departure was not warranted.

### III.   CONCLUSION

Accordingly, and for the foregoing reasons, we **AFFIRM** Defendant's sentence.