NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0050n.06
Filed: January 15, 2008

NO. 06-4561

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ABDOULAHI OUMAR CISSE, | ) | |
| | ) | |
| *Defendant-Appellant,* | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee.* | ) | |

Before: KEITH and CLAY, Circuit Judges; and HOOD, Senior District Judge.[*]

PER CURIAM. Defendant-Appellant Abdoulahi Oumar Cisse ("Defendant") appeals the sentence imposed by the district court upon his plea of guilty to a charge of Wire Fraud, in violation of 18 U.S.C. § 1343. The district court sentenced Defendant to 63 months imprisonment, three years of supervised release, restitution in the amount of $2,777,661.41, and a $100.00 special assessment. Defendant appeals his sentence of 63 months imprisonment and restitution in the amount of $2,777,661.41. He claims that it is unreasonable because the district court erred in determining the applicable advisory sentencing guideline range as it did not require the United States to present evidence concerning the amount of loss even though Defendant disputed the loss amount attributed

---

[*] The Honorable Joseph M. Hood, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

to him.  Defendant also claims that a 63-month sentence was not procedurally and substantively reasonable as the district court failed to provide a legal and factual basis for the guideline calculation and failed to articulate its findings under the United States Sentencing Guidelines and 18 U.S.C. § 3553(a).  Defendant requests that his sentence be vacated and remanded to the district court.  In response, the United States of America has argued that the guideline range was properly calculated and that the sentence was reasonable and properly supported by the district court's articulation of its findings.

For the reasons which follow, the opinion of the district court is **AFFIRMED**.

## I.      Factual and Procedural Background

Acting in concert with others, Cisse bought SIM cards[1] and used information from stolen credit reports in order to fraudulently establish cellular telephone service which allowed international roaming.  The SIM cards were then sent overseas where they were used and roaming charges incurred, resulting in losses to cellular telephone companies in the United States.  Cisse worked with others in this scheme, although he was not found to have had any direct involvement in the overseas charges incurred by virtue of the use of the SIM cards.

The Grand Jury for the Southern District of Ohio returned a two-count indictment against Cisse, charging him with Wire Fraud.  He pled guilty to one count of Wire Fraud pursuant to a plea agreement, and the remaining count was dismissed.[2]  The Presentence Investigation Report (PSR) identified the base offense level as 7, and then added three enhancements: 2 levels because a substantial part of the fraud scheme was committed from outside the United States, 2 levels because

---

[1]  A SIM card is a removable computer chip placed in a cellular phone that stores information about the customer's account.  Cellular telephone service providers use SIM cards for billing and tracking.

[2]  Cisse and the United States agreed that the amount of the loss would be determined by the district court at the sentencing hearing.

the offense involved trafficking in unauthorized access devices, and 18 levels because the offense involved a total loss of $2,777,661.41 (more than $2,500,000 but less than $7,000,000). Three levels were then subtracted for acceptance of responsibility, resulting in a total offense level of 26. With the addition of points related to a prior state conviction, Cisse was placed in Criminal History Category III. Following a series of three sentencing hearings, during which Cisse objected to the assignment of the criminal history points, the district court lowered the Criminal History Category from Category III to Category I and sentenced Cisse at the lowest end of the applicable range, i.e., 63 months imprisonment and restitution in the amount of $2,777,661.41.

## II.     Jurisdiction

The district court had jurisdiction pursuant to 18 U.S.C. § 3231 because Defendant was charged with and convicted of offenses against the laws of the United States, including violation of 18 U.S.C. § 1343. This Court has jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, which confers appellate jurisdiction over final orders of the district court.

## III.     Standard of Review

This Court reviews a criminal sentence for reasonableness. *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007). Sentences properly calculated under the Sentencing Guidelines are credited with a rebuttable presumption of reasonableness. *Id*. (citing *Rita v. United States*, 127 S.Ct. 2456, 2462-63 (2007)). A sentence is unreasonable if the district court failed to consider the applicable Guideline range or those factors set forth in 18 U.S.C. § 3553(a). *United States v. Cage*, 458 F.3d 537, 540 (6th Cir. 2006). The factual findings used when applying the Sentencing Guidelines are reviewed for clear error, while legal conclusions of the district court are reviewed de novo. *United States v. Galloway*, 439 F.3d 320, 322 (6th Cir. 2006).

**IV. Analysis**

**A. Losses Attributable to Cisse**

Defendant argues his sentence is unreasonable because the district court relied on factual findings contained in the PSR when it assigned a loss amount to him even though the United States did not and could not establish that Cisse was, himself, responsible for each and every dollar reported lost. He claims that the PSR and, by extension, the district court erroneously concluded that any cellular phone account which was opened and utilized with credit information stolen from Union Savings Bank was loss personally attributable to him.

The Sentencing Guidelines specifically provide that where criminal activity is jointly undertaken, whether or not charged as a conspiracy, a defendant bears responsibility for reasonably foreseeable acts or omissions of others occurring in furtherance of that activity. UNITED STATES SENTENCING GUIDELINES, § 1B1.3(a)(1)(B). Defendant admitted that he was playing a role in the fraud scheme, that others were involved, and that he knew how the fraud scheme worked. He does not dispute the PSR's conclusion that a loss of $2,777,661.41 is ultimately attributable to accounts set up using credit reports stolen from the Union Savings Bank during the specific time frame alleged in the indictment. Specifically, those losses were sustained by virtue of roaming charges accumulated on phony cell phone accounts set up using credit reports stolen by Cisse's accomplice from the bank and from whom Cisse admitted he obtained credit reports.

Whether Cisse is directly responsible for the ultimate loss amount is of no consequence because, as the district judge acknowledged during the sentencing hearing, "[h]e [Defendant] started the fire by initiating the purchase of the cell phone accounts and . . . acquiring the SIM cards and sending them overseas. I think he buys responsibility for whatever happens as a result of his acts." The district judge reasonably relied on the PSR which attributed $2,777,661.41 in fraud losses to the Defendant. It follows that the sentence is reasonable with regard to the calculation of loss.

4

**B.** **The Sentence Was Neither Procedurally Nor Substantively Unreasonable**

Defendant claims that the district court failed to properly address and rule on his objections to the loss amount calculation. As discussed above, this Court is of the opinion that the district court properly relied on the loss amount calculation, applied the proper guideline range, and handed down a reasonable sentence. In reaching its decision, the district court held three separate sentencing hearings in which Cisse's objections to the loss calculation were discussed. The district court, in its findings, reasonably determined that it would rely on the information presented by the United States of America through the PSR rather than the Defendant's representations of the scope of his activity.

Further, there is no merit to Defendant's argument that the district court failed to give a proper accounting of § 3553(a) factors, thus failing to address his request for a downward variance. When a defendant raises an argument in seeking a downward variance, the record must reflect that the argument was "considered" and that the district court articulated a basis for rejecting it. *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006).

In the course of the proceedings before the district court, Defendant cited three factors that he felt supported a downward variance from the advisory guideline range, as follows:

> (1) Cisse's history of physical abuse and emotional abuse that he suffered as a child at the hands of his father and his father's 10 wives;
>
> (2) A lack of evidence that Cisse received a substantial financial benefit from his participation in the sale of SIM cards; and
>
> (3) Cisse's lack of prior criminal record or criminal conduct.

The record shows that factors "2" and "3" were discussed at length during sentencing. While factor "1" was not mentioned explicitly, the "context and the record make clear that the sentencing judge considered the evidence and arguments." *Rita v. United States*, 127 S.Ct. 2456, 2469 (2007). The district court judge, prior to the imposition of Cisse's sentence, stated the following:

5

> For the record, the Court has reviewed – and certainly the Court – the record will reflect after three hearings the Court's reviewed the presentence report and all addendums to it. I've reviewed the objections and any response to the objections and I've ruled on those.

Considering that the district court judge then proceeded to discuss the gravity of the offense, there is no evidence that the Court failed to appropriately consider the factors argued for seeking a downward variance and articulate a basis for rejecting them. Rather, the district court sufficiently articulated its reasoning in deciding to impose a sentence on Cisse so as to allow for reasonable appellate review by this Court. Ultimately, the sentence was procedurally and substantively reasonable and will not be disturbed.

## V.    Conclusion

The district court judge presiding over this matter found the perfect metaphor. Once a party starts a fire, he or she has to be responsible for the results of his actions, whatever they may be. He might have just easily have said that the defendant "made his own bed" or "dug his own grave," but the situation in which Cisse found himself is most aptly compared to a wildfire – growing as it burned its way outside of the sphere in which Cisse lived and operated. Much like someone at the edge of a dry forest with a book of matches, Cisse remains responsible for the damage caused by the fire that he started, even though someone else may have fanned the flames. Having pled guilty to his role in starting the fire, Cisse had ample opportunity to present his objections to the district court over the course of the three hearings dedicated to his sentencing, and the record shows that his arguments were heard and considered by the district court in determining his sentence. His sentence will stand.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.

6