NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0305n.06

No. 08-6076

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 19, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| MARINO MAXIMILIANO ALMONTE-ROSA, aka | ) | |
| Edwin Hernandez, aka Ruben Arturo Fatu, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:  MARTIN, SUHRHEINRICH, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Defendant Almonte-Rosa pleaded guilty of illegally reentering the United States after having been removed subsequent to being convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  He appeals his thirty-six month sentence, claiming that it is both procedurally and substantively unreasonable.  We affirm.

I.

Almonte-Rosa is a citizen of the Dominican Republic.  In 1999, he was removed from the United States after serving a 2 1/2-year sentence in Massachusetts for possession of cocaine with intent to distribute.  Almonte-Rosa illegally reentered the United States and was arrested in Tennessee on February 5, 2005, also for unlawful possession of cocaine with intent to distribute. He pleaded guilty in state court and was sentenced to nine years' imprisonment, with release eligibility at thirty percent.  The U.S. Bureau of Immigration and Customs Enforcement (ICE) placed

a detainer on Almonte-Rosa on March 8, 2006. In July 2006, the Tennessee Board of Probation and Parole continued a hearing in order to "verify" whether ICE intended to act on the detainer.

Almonte-Rosa was still in Tennessee custody when he was indicted in the instant case on September 24, 2007. He was then transferred to federal custody pursuant to a writ of *habeas corpus ad prosequendum*; he pleaded guilty to the § 1326 violation on February 14, 2008. His presentence report (PSR) calculated a total offense level of twenty-one, which, combined with a criminal history category III, resulted in a Guidelines range of forty-six to fifty-seven months.

Almonte-Rosa did not challenge the PSR, but filed a position paper outlining arguments in favor of a variance. Relevant to the instant appeal, he argued that he should receive "credit" for the time he spent in Tennessee custody following his July 2006 parole hearing. He claimed that the ICE detainer prevented him from being granted parole at his July 2006 hearing, and that he should have been transferred to Federal custody at that point. Because he would be ineligible for credits calculated by the Bureau of Prisons (BOP) under 18 U.S.C. § 3585(b), he asked the district court to grant a variance equal to the roughly two years between July 2006 until his sentencing.[1]

At sentencing, during the district court's consideration of Almonte-Rosa's Guidelines range, the district court and Almonte-Rosa's counsel engaged in a lengthy discussion of Almonte-Rosa's parole eligibility in Tennessee. Sent'g Tr. at 9-12, 18-21. His attorney admitted that it was unclear

___

[1]At the sentencing hearing, Almonte-Rosa's attorney asked "for credit from July '06 through today [August 20, 2008], which comes up to be by my calculation about two years and a little over a month." Sent'g Tr. at 12. On appeal, Almonte-Rosa states that his counsel requested only a fifteen-month variance at sentencing, which would correspond to the time between Almonte-Rosa's parole hearing in July 2006 and his federal indictment in September 2008. The record, however, does not indicate that the requested variance changed from Almonte-Rosa's position paper.

when Almonte-Rosa should have been eligible for parole, and stated that she had "never figured out what formula they are going to [use to] come up with the [parole eligibility] dates they come up with." *Id.* at 20. The Government responded that it was conjecture that Almonte-Rosa was actually eligible for parole at his July 2006 hearing, and that "this credit may be better left to the authorities that Congress has set for that, and that is the Bureau of Prisons." *Id.* at 22.

The district court ultimately agreed with the Government, stating:

> As far as credits, I really believe that the BOP is in a position to handle that. I'm not going to be providing or determining that. I have a difficult time enough determining what the federal systems calls for in terms of credit, and things of that nature, or the way it handles matters. I'm not going to be trying to understand what the state systems [sic] does. All I know is what I'm [sic] heard from you folks who have done work over there that there is a set of rules that a lot of times are given 30 percent. And what all the details and intricacies of that program, other than that 30 percent, I don't know. I don't pretend to know. The BOP, which handles credits, does a much better job, I'm sure, than I do. I have no wishes or desire to give Mr. Almonte-Rosa some credit for the time that was delayed or that he should have been in federal custody. I'm going to leave that with them.

Sent'g Tr. at 25. After accepting the PSR recommended Guidelines range of forty-six to fifty-seven months, the court considered the § 3553(a) factors. *Id*. at 38-40. It determined that Almonte-Rosa's reason for reentry was to traffic narcotics, which impacted the court's consideration of nearly all of those factors. *Id.* At the conclusion of its review of the § 3553(a) factors, the court considered Almonte-Rosa's argument in favor of a variance based on his state custody and stated:

> The Court has heard the arguments of counsel concerning the circumstances surrounding credits and delays, and things of that nature. I've already addressed that however, in that regard the Court is going to impose the following sentence, which are [sic] under the Guidelines. The Court is going to impose a sentence in the matter of 36 months.

Sent'g Tr. at 40.   Thus, Almonte-Rosa received a ten-month variance below the low-end of the Guidelines range.[2]  Almonte-Rosa appeals claiming that his sentence was both procedurally and substantively unreasonable.

## II.

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).[3]  This review "is split into two parts: procedural reasonableness and substantive reasonableness." *United States v. Benson*, 591 F.3d 491, 500 (6th Cir. 2010).  A sentence is procedurally unreasonable if it contains "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.  However, sentencing is an "exercise of judgment, not ritual" and a district court is required "only to provide enough detail to allow an appellate court to conduct 'meaningful appellate review' and to conclude that the district court adequately considered

---

[2]Almonte-Rosa's brief on appeal correctly states the Guidelines range and the final sentence, but mistakenly states that he received a twelve-month variance.

[3]Almonte-Rosa did not object to the district court's explanation of its decision not to grant the full amount of the variance requested.  Sent'g Tr. at 41.  Where a defendant fails to object to a district court's sentencing determination sentence when given the opportunity, this court reviews claims of procedural unreasonableness for plain error.  *United States v. Haj-Hamed*, 549 F.3d 1020, 1024 (6th Cir. 2008) (citing *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir.) (en banc), *cert. denied*, 129 S.Ct. 68 (2008)).

However, here, as in *Haj-Hamed*, the Government does not assert that the standard of review should be plain error.  We do not need to decide which standard of review applies to Almonte-Rosa's procedural reasonableness challenge, as the claim fails under either standard.

the relevant statutory factors." *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008) (citing *United States v. McGee*, 494 F.3d 551, 556-57 (6th Cir. 2007)).

Substantive unreasonableness occurs where the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conaster*, 514 F.3d 508, 520 (6th Cir. 2008) (citations omitted). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 2010 WL 1541291, at *3 (6th Cir. 2010). We afford a sentence within the advisory Guidelines range a "rebuttable presumption of substantive reasonableness." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citation omitted). "[S]imple logic compels the conclusion that, if a sentence [within the Guidelines] would have been presumptively reasonable in length, defendant's task of persuading us that [a] more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

### III.

### A.

Almonte-Rosa argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its decision to grant his request for a variance in part, but deny the full extent of the variance he requested. We disagree.

Because the district court chose to vary below the Guidelines, it was required to explain its decision. *Rita v. United States*, 551 U.S. 338, 357 (2007) ("Where the judge imposes a sentence

outside the Guidelines, the judge will explain why he has done so."). The district court fulfilled this obligation. The record reflects that the district court carefully considered the § 3553(a) factors, acknowledged Almonte-Rosa's request for a variance and granted the variance in part. In doing so, the court implicitly accepted the argument that Almonte-Rosa should receive some leniency based on the time he spent in Tennessee custody. However, the court also made clear, by reference to its earlier discussion of the issue, that it was uncomfortable with accepting Almonte-Rosa's calculation of when he would otherwise have been eligible for release. Similarly, it is clear that the district court was concerned with the need to adequately punish Almonte-Rosa for returning to the United States illegally for the purpose of trafficking in narcotics. Taken in context, the district court's careful consideration of the § 3553(a) factors and its explicit reference to its earlier statements regarding Almonte-Rosa's variance request provide a sufficient basis for meaningful appellate review. *See United States v. Lalonde*, 509 F.3d 750, 770-71 (6th Cir. 2007). Thus, Almonte-Rosa's sentence is not procedurally unreasonable.

**B.**

"Assuming that the district court's sentencing decision is procedurally sound, [we] should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. Almonte-Rosa contends that his sentence is substantively unreasonable because it failed to fully discount his sentence for the time he spent in Tennessee custody, resulting in a sentence longer than necessary to achieve the goals of § 3553. This claim is without merit. Almonte-Rosa has not rebutted the presumption of reasonableness accorded to his below-Guidelines sentence, nor could he prevail in the absence of such a presumption.

The record does not clearly indicate that Almonte-Rosa was entitled to any reduction based on his imprisonment in Tennessee. While Almonte-Rosa's attorney asserted that he would have been paroled in 2006 absent the ICE detainer, there is no evidence in the record to substantiate such a claim. Even accepting Almonte-Rosa's argument, the district court's sentence reflects its consideration of all of the § 3553(a) factors, including the seriousness of the offense, the need to deter others from similar crimes, and the need to protect the public from future illegal activity by Almonte-Rosa. Its ultimate decision to impose a thirty-six month sentence in addition to the time served in Tennessee reflected an appropriate balance of the various factors and resulted in a reasonable sentence. The district court did not abuse its discretion and, therefore, we **AFFIRM**.