**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0074n.06

No. 10-1812

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jan 20, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| DEMORERAY JACKSON, | ) | |
| | ) | O P I N I O N |
| Defendant-Appellant. | ) | |

BEFORE: SILER and KETHLEDGE, Circuit Judges; ADAMS, District Judge.[*]

JOHN R. ADAMS, District Judge. On January 26, 2010, Demoreray Jackson was convicted of one count of conspiracy to distribute five or more grams of cocaine base and one count of distributing or causing to be distributed five or more grams of cocaine base. Based on Jackson's prior felony drug convictions, he faced a mandatory minimum prison sentence for each count of not less than ten years up to life. On June 7, 2010, the district judge ordered Jackson to serve a statutory-minimum 120-month sentence of incarceration for each count, to be served concurrently. Jackson now seeks review of his sentence, on the grounds that the district judge should have applied retroactively the provisions of the Fair Sentencing Act of 2010. We AFFIRM the sentence imposed by the district judge.

---

[*]The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

I.

> We "review a district court's sentencing determination for reasonableness under 'a deferential abuse-of-discretion standard.'" *United States v. Petrus*, 588 F.3d 347, 351 (6th Cir. 2009) (quoting *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007)). Factual determinations are reviewed for clear error, or a "'definite and firm conviction that a mistake has been committed.'" *United States v. Lalonde*, 509 F.3d 750, 763 (6th Cir. 2007) (quoting *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007)). Legal questions are reviewed de novo. *Id*.

*United States v. Greer*, 415 Fed.App'x. 673, 676 (6th Cir. 2011).

II.

The Fair Sentencing Act of 2010 became effective August 3, 2010. Pub.L. 111-220, 124 Stat. 2372. The statute raised the threshold for imposition of a 120-month statutory minimum prison sentence from five (5) grams of crack cocaine to 28 grams for persons who had been previously convicted of a felony drug offense. *See id.* at Sec. 2(a)(2) (amending 21 U.S.C. § 841(b)(1)(B)(iii)). Jackson had 11.72 grams of crack cocaine, so he would be subject to the statutory minimum under the old version but not under the new. Consequently, Jackson argues that the new version of the statute should apply.

This Court has previously concluded that a statutory minimum sentence imposed under § 841 prior to the effective date of the Fair Sentencing Act may not be vacated through retroactive application of the Act. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010). This Court has repeatedly rejected retroactive application of the Fair Sentencing Act and upheld the sentences imposed on defendants under the previous version of the statute. *Id*.; *United States v. Greer*, 415 Fed.App'x at 677; *United States v. Marrero*, 651 F.3d 453, 475-476 (6th Cir. 2011). Therefore, this Court will not remand this matter for resentencing under the amended penalty provisions of § 841(b).

III.

For the foregoing reasons, we AFFIRM the district court's decision sentencing Jackson to 120 months imprisonment.