NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0377n.06

No. 16-2308

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 27, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| JOSEPH JOHN HOLM, JR., | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KEITH, BATCHELDER, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Joseph Holm illegally possessed firearms in 2015. Based on Holm's sworn statements made at the plea hearing, the district court found his offense conduct began in 2006 and calculated his criminal history category accordingly. Holm contends the district court's determination was clearly erroneous, arguing he made these statements because of a false belief in timing and pointing to some evidence verifying his account. Because we are not "left with the definite and firm conviction that a mistake has been committed," *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citation omitted), we affirm.

I.

Joseph Holm pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). Two Michigan convictions served as predicates for his federal

conviction:  a 1998 conviction for second-degree criminal sexual conduct and a 2005 conviction

for failing to register as a sex offender.  During the plea colloquy, Holm described the temporal

nature of his firearm possession underlying his felon-in-possession conviction:

> THE COURT:  And during what time period did you possess those firearms that are listed [in the plea agreement]?
>
> DEFENDANT HOLM:  Since -- off and on.  I know when I first got the charge in '98 I couldn't possess them, and then in 2005 I was charged with that, so shortly after that I started getting my guns back.
>
> THE COURT:  All right.  So you possessed all those firearms since 2005?
>
> DEFENDANT HOLM:  Around 2006, probably, I started buying firearms.
>
> THE COURT:  Okay.  And you had them in your possession sometime during that point from 2006 to when you were arrested?
>
> DEFENDANT HOLM:  Yes.

As relevant for our purposes, the probation officer's presentence investigation report

concluded Holm's criminal history score was IV.  Two of defendant's statements drove this

determination:  his post-*Miranda* statements to an Alcohol, Tobacco, and Firearms ("ATF")

agent that he possessed firearms "as early as 2006"; and his plea colloquy with the magistrate

judge.  The presentence report also reflected two explanations for his firearm possession.  On the

one hand, he told the ATF agent that "he was given permission to possess firearms after his

conviction by the Alger County Prosecutor."  But on the other, he proclaimed to the probation

officer that he "misunderstood the law and thought that [he] was able to possess the guns three

years after [his] felony sentence was over."  (Michigan law generally prohibits a non-violent

felon from possessing firearms for three years following the completion of the terms of his

criminal judgment.  *See* M.C.L. § 750.224f(1).  There is no such temporal limitation in 18 U.S.C.

§ 922(g)(1).)  With a total offense level of 21, the probation officer calculated Holm's Guideline range to be fifty-seven to seventy-one months.

Holm objected to this criminal history scoring, initially claiming "he told ATF that he had some of the weapons in his possession since 2008, not 2006."  He took a different tack in his sentencing memo—although he told the ATF agent and the court that he began possessing firearms in 2006, this was a mistake and he should have said 2008.  This mistake is rooted in Holm falsely believing his failure to register as a sex offender conviction occurred in 2003 (instead of 2005) and therefore his three-year firearm proscription window under Michigan law closed in 2006 (instead of 2008).  In support of his mistaken-year argument, Holm attached affidavits from Joshua Turner and Robert Baker stating they sold guns to Holm in 2009 and 2011, respectively.  As documented in affidavits by Holm and the ATF agent, Holm had previously stated he purchased firearms in "2006 or 2007" from Turner, Baker, and a "Charles," as did his ex-wife from Gander Mountain.[1]

The district court overruled the objection, citing Holm's unequivocal testimony during the plea colloquy:

> He's been placed under oath and he knows that the proceeding is a guilty plea-taking process, and he knows that some effort has been made to be consistent with times, with dates.
>
> And so as you look down through this transcript, and I saw this and I started looking down through this transcript, I don't – I didn't see any equivocation.  I didn't see a lapsed memory or anything else from it.  It's a transcript [of] the guilty plea – sentencing is based upon a guilty plea[.]

---

[1]His sentencing memo claimed that his ex-wife actually purchased guns at Gander Mountain "on April 24, 2008 and October 29, 2009.  ATF has verified this information."  Having provided no record support for this assertion, we give these "facts" no weight.  *See United States v. McGee*, 494 F.3d 551, 555 (6th Cir. 2007) (explaining "counsel's argument during sentencing proceedings . . . with respect to the question of how long he possessed the shotgun" is not evidence).

\* \* \*

> I think the evidence taken at a plea hearing has to be held, not something that's put in after that. Best evidence is under oath in a courtroom.

The district court therefore adopted the presentence investigation report without change and sentenced Holm to sixty months in prison.

Holm filed this one-issue appeal shortly thereafter, contending the district court clearly erred in finding his offense conduct began in 2006 in calculating his criminal history category under U.S.S.G. § 4A1.1  If his firearm possession began in 2008, as Holm would have it, his criminal history score would be reduced to III and would result in a Guideline range of forty-six to fifty-seven months.

## II.

We review criminal sentences under a deferential abuse-of-discretion standard, which has substantive and procedural components. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentence is procedurally unreasonable if, among other things, the district court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence." *Id.* at 51.  We review the district court's factual finding that his offense conduct began in 2006 for clear error. *United States v. Walters*, 775 F.3d 778, 781 (6th Cir. 2015).

Under the clear error standard, "the fact that there is evidence in the record to support [a] finding is sufficient to preclude us from second guessing the [district] court's determination." *United States v. Wheaton*, 517 F.3d 350, 369 (6th Cir. 2008) (emphasis omitted). "[I]f a district court's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court 'may not reverse it even though convinced that had it been sitting as the trier of

fact, it would have weighed the evidence differently.'" *United States v. Ables*, 167 F.3d 1021, 1035 (6th Cir. 1999) (quoting *Anderson*, 470 U.S. at 573–74). Instead, we will reverse a factual finding if, upon reviewing the entire evidence, we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

We discern no clear error in the district court's finding that Holm's offense conduct began in 2006, and therefore the district court properly calculated his criminal history category. *See, e.g.*, *United States v. Deitz*, 577 F.3d 672, 699 (6th Cir. 2009). On two separate occasions, Holm admitted this fact under oath. Faced with a presentence report showing the consequence of these admissions, Holm advanced a new mistaken-belief theory and offered supporting evidence in the form of affidavits from *some* of the firearm sellers. He did not, however, offer evidence for all of the relevant purchases—including his purchase of a Russian Mosin Nagant rifle from a "Charles" in 2006 or 2007 and his ex-wife's purchase of firearms from Gander Mountain, to which he admitted possessing. And more to the point, the district court had the opportunity to properly assess Holm's credibility in light of this conflicting evidence and found Holm not to be credible. We decline to second-guess this determination, *Wheaton*, 517 F.3d at 369, and hold his sentence is procedurally sound.

### III.

Because defendant's sixty-month sentence was within the Guideline range, a rebuttable presumption of substantive reasonableness applies to the sentence. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc). Having made no argument as to substantive reasonableness, Holm cannot overcome this presumption. *See United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005). And upon review of the record, we cannot conclude that the

district court "arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012). His sixty-month sentence is substantively reasonable.

IV.

For these reasons, we affirm defendant's sentence.