NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0534n.06
Filed: August 28, 2008

## No. 07-5334

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

UNITED STATES of AMERICA,                )
                                         )
    Plaintiff-Appellee,                  )
                                         )
v.                                       )  ON APPEAL FROM THE UNITED
                                         )  STATES DISTRICT COURT FOR THE
HERBERT L. HUNLEY,                       )  EASTERN DISTRICT OF TENNESSEE
                                         )
    Defendant-Appellant.                 )

Before: COOK and GRIFFIN, Circuit Judges, and MARBLEY, District Judge.[*]

MARBLEY, District Judge. Defendant-Appellant Herbert L. Hunley pleaded guilty to one count of knowingly receiving child pornography through the Internet and one count of possessing an unregistered firearm and silencer. The district court sentenced him to 151 months imprisonment, the maximum within the Sentencing Guidelines. Hunley appeals, contending that his sentence is substantively unreasonable. We **AFFIRM**.

## I. BACKGROUND[1]

On December 15, 2003, officers from the Anderson County Sheriff's Office and the Internet Crimes Against Children Task Force (ICACTF) traveled to Hunley's residence in Anderson County,

---

[*]Judge Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

[1]The parties stipulated to the facts.

Tennessee, on a tip that he possessed a sizeable collection of child pornography. With Hunley's consent, officers searched his residence. They seized his computer and two unregistered firearm silencers. A forensic examination of Hunley's computer revealed that he had downloaded 908 images of child pornography from the Internet, including pictures of prepubescent children and sadistic behavior. The officers sent these images to the National Center for Missing and Exploited Children (NCMEC), which determined that some of the children in the photographs were known victims of sexual and physical abuse. Hunley's computer also contained sixty-four images of his granddaughter, a minor, posed in various sexually explicit positions.

Hunley pleaded guilty to one count of knowingly receiving child pornography that had traveled through interstate commerce by computer and one count of possessing an unregistered silencer. With no criminal history and a total offense level of 32, Hunley's range under the 2003 Guidelines was 121 to 151 months. Hunley requested the minimum within-Guidelines sentence because he had no criminal record and he suffered from medical problems. The government requested a "serious sentence" consonant with the "mind boggling" nature of Hunley's crimes. The district court sentenced Hunley to 151 months imprisonment to be followed by a life term of supervised release, the maximum within the Guidelines. Hunley appeals on the grounds that his sentence is substantively unreasonable.

## II. STANDARD OF REVIEW

We review the reasonableness of a criminal sentence under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Jeross*, 521 F.3d 562, 569 (6th

Cir. 2008). A sentence is substantively unreasonable if the "district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005)). We accord a rebuttable presumption of reasonableness to sentences that fall within the Guidelines range. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see Rita v. United States*, __ U.S. __, 127 S.Ct. 2456, 2462 (2007) (concluding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); *see also United States v. Liou*, 491 F.3d 334, 338–39 (6th Cir. 2007) (noting that *Rita*'s presumption of reasonableness is not a burden-shifting presumption).

## III. LAW & ANALYSIS

Hunley contends that his sentence is substantively unreasonable because: (1) he is 51 years old; (2) he has no criminal record; (3) he has major health problems; (4) he served honorably in the military for seven years; and (5) the sentencing judge gave undue weight to the pornographic images of his granddaughter. Hunley concludes that a lesser sentence would satisfy all of the requirements of 18 U.S.C. § 3553(a). This is insufficient to rebut the presumption of reasonableness accorded Hunley's within-Guidelines sentence. *See United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008) (refusing to overturn a sentence merely because the defendant insisted that the district court should have weighed the circumstances differently).

The district court analyzed all of the § 3553(a) factors, including the considerations that Hunley argues merit a shorter sentence. The court found the nature of the offense and the risk of recidivism particularly important. Hunley maintained a sizeable database of child pornography, including images of prepubescent children and sadistic behavior. But the court found the sixty-four pornographic images of Hunley's granddaughter especially disturbing. The sentencing judge admonished him: "I have looked at these photographs. What you did, Mr. Hunley, to that little girl will scar her for the rest of her life." Hunley contends that the district court gave undue weight to these pictures. This is not so. That Hunley would sexually abuse his granddaughter in order to supplement his obscene collection adds an element of barbarity to the offense that the district court was free to consider under § 3553(a).

The court also emphasized that the Counseling and Consultation Services (CCS) rated Hunley as a moderate risk to reoffend. Although the court took into account Hunley's age, his poor health, his criminal history, and his military service, it stated that "the heinous nature of the crime and likelihood of recidivism" favored "a lengthy period of incarceration . . . to protect the public from further crimes of this defendant." Accordingly, the court concluded that a within-Guidelines sentence of 151 months was sufficient, but not greater than necessary, to comply with the purposes of Section 3553(a).

The fact that the district court gave greater weight to the nature of the offense and the likelihood of recidivism, rather than to the factors militating in favor of a shorter sentence, is not sufficient to render Hunley's sentence substantively unreasonable. *See United States v.*

*Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007).  That Hunley desired a more lenient sentence, without more, is not grounds to disturb the reasoned judgment of the district court. *See United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006) (holding that the "fact that the district court did not give the defendant the exact sentence he sought is not a cognizable basis to appeal, particularly where the district court followed the mandate of § 3553(a) in all relevant respects").

## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.